ANN BURKE *vs.* ROBERT C. RAY, impleaded, etc.

January 14, 1889.

**Specific Performance—Indefinite Oral Agreement.**—Specific performance of an oral agreement to convey lands cannot be decreed on a finding of fact that the trial court is unable to determine from the evidence what the terms of the agreement are.

**Contract—Receipt—Evidence.**—A written receipt, except so far as it may include a contract, may be contradicted or explained by parol.

Plaintiff brought this action in the district court for St. Louis county, to obtain specific performance of an alleged verbal agreement for the sale of a house and lot, alleged to have been partially performed by taking possession and making improvements. The action was tried by *Stearns*, J., who found as facts that defendant Robert C. Ray is owner of the premises in controversy, and on September 1, 1886, by defendant James D. Ray, his authorized agent, "entered into some verbal agreement with the plaintiff relative to the sale of the lands described in the complaint, to the plaintiff, for the price of $1,800; but what the terms of this agreement were, and whether the plaintiff entered into a present agreement to purchase, or only secured an option to purchase on complying with certain conditions, the court is unable to determine from the evidence;" that soon after September 1, 1886, plaintiff entered into possession of the premises, "but whether she entered as a purchaser, or as a tenant with the option to purchase on compliance with certain conditions, the court is unable to determine from the evidence;" that on March 16, 1888, plaintiff tendered $1,842.45 to defendant Robert C. Ray, and demanded a conveyance, which was refused; and that between September 1, 1886, and March 16, 1888, plaintiff made improvements on the premises "such as would have entitled her to a decree of specific performance had she been able to clearly establish a verbal contract of purchase." As a conclusion of law the court found that defendant Robert C. Ray is entitled to judgment, which was entered, and from which plaintiff appeals.

*Edson, Warner & Hanks,* for appellant.

*Ensign, Cash & Williams,* for respondents.

GILFILLAN, C. J. Specific performance of an oral agreement to convey lands will not be enforced unless the contract is clearly proved, both as to the fact of making it and as to its terms. The statement of the court below, in its findings of fact, that it is unable to determine from the evidence what the terms of the agreement between plaintiff and defendant were, is not only justified by the evidence, but it is a finding, in effect, that the allegations of the complaint as to the terms of the agreement are unproved; in other words, that those allegations are untrue. It would have been in better form had the findings distinctly stated that those allegations are untrue, but such is its effect. Of course specific performance could not be decreed on such a finding.

It was proper to admit oral evidence contradicting the written receipt. The receipt, being only an admission, and therefore evidence of a fact, is no higher evidence of the fact than the testimony of a witness. It is only when, and so far as, the receipt includes a contract, that it cannot be explained or contradicted by parol.

Judgment affirmed.