## FERDINAND W. GRANSE vs. CARL FRINGS.

### June 20, 1891.

**Appeal—Order Vacating Judgment.**—An application to the municipal court of St. Paul to set aside a judgment taken by the defendant's mistake, inadvertence, or excusable neglect is addressed to the discretion of the court, and its decision will not be reversed, except for abuse of discretion.

Appeal by plaintiff from an order of the municipal court of St. Paul, setting aside a judgment in his favor of $298.23, and allowing defendant to answer.

*Otto L. Haese*, for appellant.

*J. B. Fishleigh* and *Holcombe & O'Reilly*, for respondent.

GILFILLAN, C. J. The act relating to the municipal court of the city of St. Paul (Sp. Laws 1889, c. 351) provides (section 21, subd. 7) that "defaults may be opened, and judgments and orders may be set aside or modified, for good cause shown, within sixty days after the party affected thereby shall have notice or knowledge of the same." The municipal court having within the 60 days set aside the judgment in favor of plaintiff, rendered by default of defendant to answer, the question made here is, does this provision require that the party applying for the relief shall show himself entitled to it as a matter of right, or is the application addressed to the sound discretion of the court? The act (section 1) makes the court a court of record, and declares (section 3) that it shall possess all the powers usually possessed by courts of record at common law, subject to

the modifications of the statutes of this state applicable to courts of record; and it is vested with all powers over cases within its jurisdiction which are possessed by district courts of this state over cases within their jurisdiction. District courts have power to relieve, in their discretion, in cases of judgments or orders taken through mistake, inadvertence, or excusable neglect. The provision we have quoted was certainly not intended to withhold this power,—a very necessary and beneficial one,—but at most to limit its exercise to the time specified, to wit, 60 days. The "good cause shown" is such cause as would justify the exercise of the power by a district court. The application in such cases is to the discretion of the court, and we see no reason in this case to think there was any improper exercise of it.

Order affirmed.