WILLIAM J. STEWART v. THOMAS E. CANNON.[1]

October 16, 1896.

Nos. 10,369—(213).

**Opening Default—Discretion.**

*Held,* that the trial court did not abuse its discretion in denying the defendant's motion to be relieved from his default and to vacate the findings and order for judgment herein.

**Findings Sustained.**

Evidence considered, and *held,* that it sustains the findings of fact and decision of the trial court.

[1] Reported in 68 N. W. 604.

Appeal by defendant from a judgment of the municipal court of St. Paul in favor of plaintiff for $116.69, entered in pursuance of the findings and order of Orr, J. Affirmed.

*Humphrey Barton*, for appellant.

*Ed. T. Teitsworth*, for respondent.

START, C. J. Two questions only are presented by the record in this case meriting our consideration.

1. Did the trial court err in denying the defendant's motion to be relieved from his default?

The action was brought in the municipal court of the city of St. Paul to recover the sum of $73.58 for a flour packer and its equipments, which the plaintiff alleged he sold and delivered to the defendant. The defendant appeared, and made answer, which was a general denial. The case was set for trial by the court on June 4, 1896, at which time the plaintiff only appeared. The court heard the plaintiff's evidence, made findings, and ordered judgment for the amount claimed. After the trial and decision of the case, but on the same day, the defendant's attorney appeared, and stated to the court that he had understood that the trial was set for June 5, and had so advised the defendant. He was informed by the court that the matter could only be considered on a formal application. On June 6 the defendant obtained an order to show cause, returnable June 9, why his motion to be relieved from his default should not be granted. The motion was heard on the return day, and was denied. This motion was addressed to the discretion of the trial court, and its decision will not be reversed except for abuse of such discretion. Granse v. Frings, 46 Minn. 352, 49 N. W. 60.

It appears from the defendant's moving affidavits that he was advised by his attorney that the trial was set for June 5, and that he had no other information in the premises. The affidavit of his attorney states that he, the attorney, was not present when the case was set for trial, and that afterwards, in response to his inquiry, the trial judge informed him that it was set for June 5, and he so wrote the defendant, then at Barnesville; and that he, the attorney, had no other knowledge or information as to the time set for the trial. The opposing affidavit of the plaintiff's attorney states that the case was set for trial on June 4, pursuant to a written

66 M.—5

stipulation of the respective attorneys filed with the clerk of the court. A copy of this stipulation is made a part of the affidavit, which further states that the defendant's attorney came into the court room shortly after the case was set, and was informed both by the trial judge and the plaintiff's attorney that the case had been set for June 4. There were no rebutting affidavits.

It is clear that the defendant personally was free from laches, but, if his attorney, as the trial judge was justified in finding, stipulated to set the case for trial on June 4, and was afterwards informed by the trial judge and plaintiff's attorney that it had been so set, his failure to so notify the defendant, and appear at the trial, is not satisfactorily explained or excused. Whether or not the trial court might, in the exercise of a fair discretion, have relieved the defendant from his default on terms we need not consider, for the question is, was the denial of such relief an abuse of the court's discretion? We see no reason in this case to believe that there was any improper exercise of the court's discretion. It was not abused.

2. Is the evidence sufficient to sustain the trial court's findings and order for judgment? We answer the question in the affirmative.

Order affirmed.