ERNEST F. SMITH and Another v. KINGMAN & COMPANY.[1]

December 13, 1897.

Nos. 10,748—(167).

**Evidence—Objection to Question Insufficient.**

An objection that a question is incompetent, irrelevant and immaterial, or that it calls for secondary evidence, does not raise the objection that it is not admissible under the pleadings.

**Appeal—Review of Comment by Court.**

A remark of the court as to what proof is admissible under the complaint, but which remark was not a ruling on any motion or objection made by appellant, cannot be reviewed on appeal.

**Action for Deceit—Verdict Sustained by Evidence.**

In an action for deceit in the sale of goods, *held* the evidence sustains the verdict.

**Same—Evidence.**

*Held*, certain evidence was competent under the issues.

**Trial—Motion to Strike Out Evidence.**

A motion to strike out evidence on the ground that it was not responsive, *held* properly denied where the evidence was not objectionable on that ground, but on the ground that it was the mere conclusion of the witness and not a statement of a fact.

**Sale—Deceit—Evidence.**

It was not error to permit the purchaser to testify that he relied on receiving what he bargained for.

**Jury Trial—Review of Matters Not Excepted to.**

*Held* communications between the judge and a juror in open court after the charge to the jury and before they have retired, and a remark of the opposite party at the same time, cannot be reviewed unless excepted to and incorporated in a settled case or bill of exceptions.

Action in the district court for Hennepin county against defendant corporation to recover $300 over-payment to it upon the purchase of 200 bicycles, and the further sum of $1,500 for defendant's misrepresentations and failure to perform its agreements to protect

[1] Reported in 73 N. W. 253.

plaintiffs from competition in the sale of said wheels. A trial resulted in a verdict in favor of plaintiffs for the sum of $2,154.20.

From an order, Jamison, J., granting a motion for a new trial unless plaintiffs should consent to a reduction of the verdict to $1,500, which consent was duly given, defendant appealed. Affirmed.

*C. J. Traxler* and *Rome G. Brown,* for appellant.

The essential elements for an action of deceit are as follows: 1. Material false representations must have been made. 2. They must have been made with a knowledge that they were false. Proof of material unqualified statements may be evidence to cover an allegation of knowledge. 3. They must have been made for the purpose and with the intent to induce the other party to do something which he would not otherwise have done. 4. The party to whom they are made must have believed them to be true and must have relied upon them, and so relying must have been induced by means of the misrepresentations to do something which he could not otherwise have done. 5. The representations must have been false. 6. The party complaining must have been damaged. Cooley, Torts, 556 (475); 2 Boone, Code Pl. 170; also Minnesota cases cited below.

All of these elements are included in the definition of fraud which is given by this court. Busterud v. Farrington, 36 Minn. 320. The case cited and other Minnesota cases hold that one of the essential elements of an action for deceit is the intent to deceive. That has been considered an essential element of the allegations of the complaint. Merriam v. Pine, 23 Minn. 314; Bullitt v. Farrar, 42 Minn. 8; Busterud v. Farrington, supra; Haven v. Neal, 43 Minn. 315; Penney v. Haugan, 61 Minn. 279. Not one of these cases holds that the fact of intent is not a material element to constitute deceit; nor is there one which holds it is not necessary to allege this fact of intent. This court has repeatedly held in cases charging unlawful preferences which are based on the ground of fraud, that the complaint must show all the essential elements of fraud, including intent as expressly set forth in the statute.

In the case of a warranty no scienter need be alleged or proven, and no intent to deceive need be alleged or proven. The party

complained of makes a statement. The statement becomes a part of the contract. It is a warranty. It makes no difference whether or not its falsity be known to the person making it. It makes no difference whether or not there was an intent to mislead. But as distinguished from actions on warranty, in order to make out a case of deceit, it is necessary to allege in the complaint expressly both the fact that the person knew the statement to be false, and also that he intended thereby to deceive and to induce the other party to act. Furthermore there is no allegation that the defendant knew the statement to be false. This is an essential element as shown in the above cases. It is true that such an allegation may be proven by showing unqualified statements made as of the defendant's own knowledge; but there should be an allegation to cover this element of the charge of fraud. That allegation must be either: (1) That the defendant knew the statement to be false; or, (2) that he made the statement unqualifiedly as of his own knowledge. It is not sufficient to state facts from which other essential facts may be inferred, sufficient to constitute a cause of action. The presumption of law is in favor of fair dealing and the pleader can secure no advantage by intendment. Facts sufficient to state a cause of action must be stated. Knowledge of the falsity of the representations on the part of the persons making them, and the intent to deceive, are essential to constitute a cause of action for deceit, and must be found as facts by the court or jury, in determining the issue. Humphrey v. Merriam, 32 Minn. 197. In a case for fraud and deceit, scienter must be both averred and proved. Pettigrew v. Chellis, 41 N. H. 95. The true principle as established by the cases is that "a representation, false in fact, gives no right to action, if innocently made by a party who believes the truth of what he asserts; and that in order to constitute fraud there must be a false representation knowingly made, i. e., a concurrence of fraudulent intent and false representations, and this principle applies as well to the pleading as to the proof. If the complaint does not allege knowledge of the falsity and an intent to deceive, it does not state a cause of action. Benjamin, Sales, § 454; Da Lee v. Blackburn, 11 Kan. 190; Salem v. Amams, 23 Pick. 256; Pettigrew v. Chellis, supra; Lord v. Goddard, 13 How. 198; Dilworth v. Brad-

ner, 85 Pa. St. 238. Fraudulent intent is one of the facts which constitute actual fraud and must be averred. Woodroof v. Howes, 88 Cal. 184; Hardy v. Brier, 91 Ind. 91; Feeney v. Howard, 79 Cal. 525; Bartholomew v. Bentley, 15 Ohio, 660. As it is elementary that fraud cannot be presumed, but must be proved, it follows as a logical conclusion that, in the matter of pleading, facts sufficient to constitute a fraud must be alleged in order to admit of the proof, and further that as false representations honestly made do not amount to fraud, the bare allegation of a false representation, without the additional allegation that it was known to be false by the person making it, at the time it was made, and was made with intent to deceive, is not a sufficient allegation to admit of proof of fraud. Kelley v. Wallace, 14 Minn. 173 (236); People v. Healy, 128 Ill. 9; Jasper v. Hamilton, 3 Dana (Ky.) 280. It is true that proof that a statement is made dishonestly, with a reckless disregard of whether it is true or false, is equivalent to proof of a known false statement, and is taken in lieu of proof of knowledge. There must be an allegation of the concurrence of fraudulent intent and false representation. Bullitt v. Farrar, supra; Merriam v. Pine, supra; Da Lee v. Blackburn, supra. Humphrey v. Merriam is not modified by Bullitt v. Farrar, supra. The court has laid down the rule as to the proof of intent to deceive in this case of Humphrey v. Merriam with great exactness.

Where the parties meet upon equal ground, as did the parties in the case at bar, and there being no special confidence or relation or influence, and each relying upon his own judgment, the vendor cannot be held responsible for a statement of an opinion, even if false and made with intent to deceive. 1 Story, Eq. Jur. §§ 197–201; Benjamin, Sales, § 460; Howell v. Biddlecom, 62 Barb. 131; Cooper v. Lovering, 106 Mass. 77–79.

Respondents must show not only that the representations were false, but that they were known to be false, at the time they were made; and that they were made to deceive and respondents acted on them as true. It must be averred and proved that the person who made the representations did not believe them to be true. Page v. Parker, 40 N. H. 47, 71; Hicks v. Stevens, 121 Ill. 186, 196; Conant v. National, 121 Ind. 323.

The plaintiffs were given every opportunity for inspection of the quality and structure of the wheels. They bought by sample a lot of wheels which were as yet unmanufactured. The wheels so bought and received by them were in every respect like the samples. Manning v. Albee, 11 Allen, 520; Medbury v. Watson, 6 Metc. (Mass.) 246, 260; Veasey v. Doton, 3 Allen, 381; Hemmer v. Cooper, 8 Allen, 334; Cooper v. Lovering, 106 Mass. 79; Mervin v. Arbuckle, 81 Ill. 501; Smith v. Hughes, L. R. 6 Q. B. 597; Laidlaw v. Organ, 2 Wheat. 178; Peoples v. Bogart, 81 N. Y. 101; Kintzing v. Mc-Elrath, 5 Pa. St. 467; Cogel v. Kniseley, 89 Ill. 598.

The representations must have been such as were likely to impose upon a man of ordinary prudence and caution, and to throw him off his guard, where he might properly and judiciously be expected to rely upon them and not upon his own sagacity or means of observation or investigation. Ide v. Gray, 11 Vt. 615; Tryon v. Whitmarsh, 1 Metc. (Mass.) 1; Emerson v. Brigham, 10 Mass. 197; Page v. Parker, supra. Having had a full and fair opportunity to inspect the goods, the purchaser, if he is unwilling to deal on the terms of the rule caveat emptor, must protect himself against his own want of skill or care, by requiring of the seller a warranty of any matters, the risk of which he is unwilling to assume. Benjamin, Sales, § 430; Veasey v. Doton, supra; Morrison v. Koch, 32 Wis. 254–261; 1 Story, Eq. Jur. §§ 200, 201.

In cases of deceit the proper measure is the "difference between the value of what he was induced to part with and the value he got." Stickney v. Jordan, 47 Minn. 262; Reynolds v. Franklin, 44 Minn. 30; Redding v. Godwin, 44 Minn. 355.

*Douglas A. Fiske,* for respondents.

If counsel desired to raise the question that the complaint was not sufficient to allow any evidence as in deceit, they should have so stated. Schwartz v. Germania, 21 Minn. 215; Thoreson v. Minneapolis, 29 Minn. 341; Isaacson v. Minneapolis, 27 Minn. 463; Mousseau v. Mousseau, 42 Minn. 212; Hooper v. Chicago, 37 Minn. 52; Merriam v. Pine, 23 Minn. 314; Thompson v. Ellenz, 58 Minn. 301; Cronfeldt v. Arrol, 50 Minn. 327; Russell v. Davis, 51 Minn.

482; King v. Nichols, 53 Minn. 453; Anchor v. Kirkpatrick, 59 Minn. 378; Vaughan v. McCarthy, 63 Minn. 221.

Upon appeal only those portions of the charge specifically excepted to on the trial in the court below will be reviewed. Cole v. Curtis, 16 Minn. 161 (182). An exception to a charge to the jury which specifies no particular part of the charge is bad. Shull v. Raymond, 23 Minn. 66; Russell v. St. Paul, 33 Minn. 210; Rheiner v. Stillwater, 31 Minn. 193; Carroll v. Williston, 44 Minn. 287; State v. Miller, 45 Minn. 521; Steffenson v. Chicago, 51 Minn. 531; Rosquist v. D. M. Gilmore, 50 Minn. 192; Dallemand v. Janney, 51 Minn. 514; Delude v. St. Paul, 55 Minn. 63. From the facts that the misrepresentations were made without qualification, that they were false and led to the purchase, the jury may infer fraudulent intent; and so a complaint which alleges the facts from which, if proven, such intent may be inferred is sufficient. Kiefer v. Rogers, 19 Minn. 14 (32); Brady v. Finn, 162 Mass. 260; Williamson v. Woten, 132 Ind. 202; Johnson v. Gulick, 46 Neb. 817; Johnson v. Parrotte, 23 Neb. 232; Merrill v. Newton, 109 Mich. 249. An objection in this court that the complaint does not state facts sufficient to constitute a cause of action will not be allowed if the pleading can be sustained by the most liberal intendment in its favor. Phœnix v. Gardner, 13 Minn. 396 (430); Cochrane v. Quackenbush, 29 Minn. 376; Dorr v. McDonald, 43 Minn. 458.

The twelfth assignment of error is not discussed. An assignment not discussed must be deemed abandoned. Johnson v. Johnson, 57 Minn. 100; Dodge v. McMahan, 61 Minn. 175; Minneapolis v. Firemen, 62 Minn. 315; Johnson v. Gulick, supra. An assignment of error which does not specify any particular error in a refusal to grant a new trial is insufficient. Duncan v. Kohler, 37 Minn. 379; Wilson v. Minnesota, 36 Minn. 112; Stevens v. City, 42 Minn. 136; Selover v. Bryant, 54 Minn. 434; First Nat. v. Holan, 63 Minn. 525; Day v. Eibert, 68 Minn. 499; Cook v. Kittson, 68 Minn. 474; Ingalls v. Oberg, supra, page 102.

CANTY, J.

On the trial of this action plaintiffs had a verdict and from an order denying a new trial defendant appeals.

1. The complaint attempts to set out a cause of action for damages for fraud in the sale by defendant to plaintiffs of a number of bicycles. It alleges:

"Said defendant  *  *  *  represented to plaintiffs that the said bicycle was a high grade machine and was manufactured by the Kenwood Bicycle Manufacturing Company in the city of Chicago, state of Illinois; that said bicycle was first class in every respect; that defendant had knowledge of the reputation of said machine, the same having been on the market for the preceding six or eight years, and that its reputation as a salable and durable machine was first class in every respect."

It is further alleged that plaintiffs believed the representations so made to be true, relied on them, and were induced thereby to purchase and did purchase the bicycles; that said representations were false; that the bicycles were defective and inferior in grade, were not manufactured by said Kenwood Co., but by the Hamilton Cycle Co. of Hamilton, Ohio; but it is not alleged that the defendant knew that its representations were false and therefore the complaint does not state a cause of action for deceit. There are also allegations from which, perhaps, it might be held that the complaint states a warranty of the quality of the bicycles and a breach of that warranty. It also sets up the cause of action referred to in the third paragraph of this opinion. On the following rulings of the court on the trial, appellant attempts to raise the question that the complaint does not state a cause of action for deceit.

Zimmer was called as a witness on behalf of plaintiffs and the following proceedings took place:

"Q. What representations were made regarding the material that went in to make that wheel? Mr. Van Wert: That is objected to for the reason that he has intimated that the contract was in writing. That would be the best evidence. The Court: Not in a case of this kind. Representations don't necessarily have to be a part of the writing. Mr. Traxler: Now, your Honor, counsel is mistaken in regard to this being an action for deceit. It is an action, according to the pleadings, for a breach of the contract and damages resulting therefrom. The Court: I think the complaint is sufficient. Objection overruled. Mr. Traxler: Exception.  *  *  *  Q. What representations were made as to the high grade quality of material in the construction of the wheel? Objected to as incompetent,

immaterial and irrelevant. The Court: This action is not founded on the contract. * * * It is purely an action for deceit, and hence I think this testimony is competent as to what representations were made that led up to and induced the plaintiffs to enter into the contract. So you may proceed. The objection is overruled. Exception by defendant."

We are of the opinion that appellant has not by the objections and exceptions so taken raised the question assigned as error.

Appellant objected to the first question on the ground that it called for secondary evidence, and to the second question "as incompetent, immaterial and irrelevant." Neither of these objections raise the question that the evidence was not admissible under the pleadings. After each objection, the court made some remarks on a question not presented by the objections,—on a question not before the court,—and appellant excepted to the position taken by the court in those remarks. But as the remarks were not rulings on any question presented to the court, they cannot be brought here for review. Again it does not appear that the attention of the trial court was ever called to the particular defect in the complaint by reason of which it does not state a cause of action for deceit.

2. We are also of the opinion that the evidence is sufficient to sustain the verdict. The evidence tends to prove that the "Kenwood" bicycle was at the time of the contract of sale here in question, January 3, 1896, a well-known, standard, high-grade bicycle, which had for seven or eight years been manufactured at Chicago, Illinois, and during that time no bicycle of any other manufacture was known by that name; that defendant knew and understood that plaintiffs were bargaining for this particular, well-known wheel, but instead of furnishing them this wheel, fraudulently delivered to them a spurious wheel of a different manufacture of inferior grade or quality and of less value, and that plaintiffs did not have reasonable opportunity to discover the fraud, and did not discover it until after they had accepted the bicycles and disposed of the greater portion of them. We are also of the opinion that there is evidence reasonably tending to support a verdict for the amount to which the court reduced it on the motion for a new trial.

3. The complaint alleges, and the contract of sale introduced in evidence shows, that plaintiffs were given the exclusive right to sell in Minnesota, North and South Dakota, "wheels manufactured by the Kenwood Manufacturing Co. of Chicago," and defendant agreed to protect plaintiffs "fully from any competition in said territory on said wheels," but failed to do so. The evidence also tended to prove that in the early part of the year 1896, one Douglass purchased all the rights of the Kenwood Manufacturing Co. of Chicago, and during that year continued the business and sold in Minnesota and North and South Dakota the wheels manufactured at its Chicago factory, labelled and known as "Kenwood" and "Douglass" wheels, and that all of these wheels sold under both names were of the same make, grade and style.

It is assigned as error that the court permitted plaintiffs to prove that in a number of respects the latter wheels were superior to the wheels so delivered to plaintiffs. The evidence was competent as it tended to prove that defendant had violated the part of its contract last above referred to.

4. There is evidence tending to prove that whatever right defendant had to the use of the name "Kenwood" on its wheels it obtained through Reynolds & Jones, who it appears by the evidence had purchased a large number of wheels manufactured at the Chicago factory. The testimony of Douglass was taken on deposition. On the trial, this deposition was read and the following proceedings appear in the record in connection with the reading of the same:

"Q. Will you state whether or not they" (Reynolds and Jones) "were given the right to put that name-plate on wheels manufactured by factories other than this original Kenwood plant? Mr. Traxler: Objected to as incompetent, immaterial, irrelevant and not the best evidence. Objection overruled. Defendant excepts. A. No such right was ever granted Reynolds & Jones. When the sale was made to them it was talked over and generally understood that any wheels they sold under that name would be manufactured by me. Mr. Van Wert: The 'generally understood' there, it seems to me, is not competent evidence. The Court: It may stand. Mr. Traxler: I move to strike it out for the reason that it is not responsive. Motion denied. Defendant excepts."

These rulings of the court are assigned as error.  The question was competent and so was the answer, except the part of it which states what was "generally understood."  But there is no exception to the ruling of the court on the remark of Mr. Van Wert, and the motion of Mr. Traxler (the other counsel for defendant) to strike out this part of the answer was made solely on the ground that it was not responsive.  Clearly it was responsive to the question, and no good ground for the motion was stated.

5. It was not error to permit the plaintiff Smith to testify that when purchasing the wheels he relied on what he supposed to be the fact that the wheels were manufactured by the Kenwood Co. at Chicago.

6. In support of a motion for a new trial an affidavit of one of defendant's attorneys was read, in which it is stated that immediately after the court charged the jury, a juror asked the judge some questions as to the evidence and the court answered them and that plaintiff Smith also made a remark.  There is no claim that the court did not state truly what the evidence was, which evidence is uncontradicted.  The remark claimed to have been made by Smith was of no consequence.  But these matters having occurred in open court cannot be reviewed, as they were not excepted to and inserted in settled case or bill of exceptions.  This disposes of all the questions raised having any merit and the order appealed from is affirmed.