JOHN KOSTUCH v. ST. PAUL CITY RAILWAY COMPANY.

December 20, 1899.

Nos. 11,884—(165).

Charge to Jury.

If the charge of a trial judge, taken as a whole, fairly lays down the law of the case, the failure to state or give some abstract legal proposition or definition applicable thereto, in the technical language of the law, will not, in the absence of a special request, be prejudicial error.

Verdict Sustained by Evidence.

Evidence held to justify the verdict.

Action in the district court for Ramsey county to recover $4,145 damages for injuries to plaintiff's person and to his horse and wagon. The case was tried before Brill, J., and a jury, which rendered a verdict in favor of plaintiff for $700; and from an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

Munn & Thygeson, for appellant.

Humphrey Barton, for respondent.

BROWN, J.

This is an appeal from an order denying defendant's motion for a new trial after verdict in plaintiff's favor for $700. The action is one to recover damages for injuries to plaintiff's person and the destruction of his wagon, caused by being struck by a car operated by defendant, and, the complaint charges, by reason of the negligent and careless operation of such car. There are six assignments of error, but they embody but four principal questions. It is con-

tended by counsel for appellants (1) that the evidence is insufficient to establish negligence on the part of defendant; (2) that it conclusively appears from the evidence that the plaintiff was guilty of contributory negligence; (3) that the court erred in permitting witness Dr. Odendahl to give in evidence declarations of plaintiff as to his physical condition; and (4) that the court erred in its charge to the jury.

1. We have thoroughly examined and considered the evidence, and all that appellant's counsel have said on the subject, and reach the conclusion that a case was made for the jury on the question of defendant's negligence, as well as of plaintiff's contributory negligence. We regard the evidence tending to show contributory negligence on the part of plaintiff as quite strong, but in view of the fact that the collision resulting in plaintiff's injuries occurred at a point where cars on this line usually come to a stop to take on passengers, the further fact that persons were there waiting for the car at the time, coupled with the testimony of plaintiff that it was at least half a block away when he started to cross the track, we cannot see our way clear to declare, as a matter of law, that plaintiff was guilty of contributory negligence.

2. The question as to the admissibility of the testimony of witness Dr. Odendahl is disposed of by the decision in the case of Edlund v. St. Paul City Ry. Co., supra, page 434.

3. The court below charged the jury that the plaintiff was guilty of contributory negligence unless he exercised reasonable care; "that is, such care as men ordinarily exercise under similar circumstances." To this, defendant excepted; and it is urged here that it was an erroneous statement of the law, and is fatal to the verdict. The objection to the charge is the omission of the qualifying word "prudent" before the word "men." The merits of this exception are too far removed from that which is substantial to justify its being made the basis of a reversal of the order appealed from. The definition of contributory negligence was not given by the learned court below in the usual technical language, but, taking the entire charge together, the subject was sufficiently covered. A trial judge is not required to measure the words and sentences employed in his charge to a jury, and if, taken as a whole, the charge, as given,

fairly lays down the law applicable to the questions to be determined by the jury, it is sufficient, although some abstract legal proposition or definition be not stated or given in the technical language of the law. The precise point made against this instruction was not called to the attention of the court below at the trial.

Order affirmed.