WILLIAM CAPPIS v. ANNA WIEDEMANN.[1]

May 9, 1902.

Nos. 12,926—(66).

**Motion for New Trial—Exceptions to Rulings.**

Where exceptions to the rulings of the court during the progress of the trial are not reserved, it is imperative upon the aggrieved party to avail himself of the benefits of Laws 1901, c. 113, and specifically designate the errors to be reviewed on the motion for a new trial. A failure to do so deprives him of the right to assign and contest such alleged errors upon appeal unless he has excepted to the same at the trial.

**Question for the Jury.**

Evidence considered, and *held* to have justified the trial court in submitting the cause to the jury upon the issues litigated under the plead-

1 Reported in 90 N. W. 368.

ings, and that the verdict is not so palpably against the weight of the evidence as to have required a directed verdict for defendant.

Appeal by defendant from an order of the district court for Clay county, Searle, J., denying a motion for a new trial. Affirmed.

*James M. Witherow*, for appellant.

*C. A. Nye*, for respondent.

LOVELY, J.

Action upon an account stated for work and labor performed for defendant by plaintiff and members of his family. Defendant pleaded a settlement, and payment of the amount agreed upon. The case was tried to a court and jury. At the close of the evidence defendant requested an instructed verdict in her favor. This was denied. Plaintiff had a verdict. Defendant moved for judgment, or a new trial in the alternative. This appeal is from an order denying a new trial.

Several assignments of error question the rulings of the court below upon the admission of evidence and to the charge of the court. Exceptions do not appear to have been taken to these alleged errors during the trial. Neither did defendant, in his notice of motion for new trial, specify the errors which he now assigns in his brief, but claims that he is entitled to the benefit of the same under the provisions of Laws 1901, c. 113.

Previous to this statute the reservation of exceptions to rulings of the trial court was required for the purpose of informing the opposite side and the court of the intention of the party making objections to rely thereon; and this court had, before such act, refused to consider any objection to evidence or to the charge of the court, unless followed by an exception duly entered to the same. Cogan v. Cook, 22 Minn. 137; Smith v. Kingman & Co., 70 Minn. 453, 73 N. W. 253. By Laws 1901, c. 113, the practice in this respect was changed so as to provide that

"Every ruling, order or decision made by any judge of any court of record, * * * and every instruction to a jury, shall be deemed excepted to by any party aggrieved thereby, and * * * may be reviewed upon a motion for a new trial * * * as

fully as if exception thereto had been taken"; provided, however, that "upon a motion for a new trial, the party aggrieved, in his notice of motion, * * * shall specify the errors upon which he will ask a new trial, which notice, with proof of service thereof, shall be filed with the clerk and become a part of the record."

The notice of motion for a new trial in this case was upon the following grounds only:

First, because the verdict is not justified by the evidence.

Second, because the verdict is contrary to law.

Third, because of errors in law occurring at the trial, and excepted to by defendant.

These are the usual grounds for new trials required by G. S. 1894, § 5398, and were in force previous to the act of 1901, subject to the law applicable to exceptions then controlling the procedure upon review; hence the defendant cannot avail himself of objections in the record, not excepted to, unless he has brought himself within the proviso of chapter 113, supra, requiring a specification of the errors he relies upon in his notice of the motion for new trial. This he has not done. We are not, therefore, at liberty to consider any other assignment than that which questions the sufficiency of the evidence to sustain the verdict.

We shall consider the assignment that the court erred in refusing to grant defendant's motion for judgment liberally, so as to hold that such refusal of the court authorizes the inquiry whether there was evidence reasonably tending to support the verdict.

There was evidence that plaintiff, with his wife, daughter, and two sons, worked on the farm of defendant during the season of 1900; that plaintiff, with the wife and daughter, left about the time the harvest of that year ended. On August 12, plaintiff and defendant met. They attempted to adjust the amount due plaintiff, in which, under the statements of plaintiff (denied by defendant) the amount for his own services, as well as of his wife and daughter, was agreed upon, and the sum due therefor fixed at $163.65. The two sons continued to work for defendant until the following year. On February 6, 1901, when the sons had quit, plaintiff, with one of them, met defendant at the office of the latter's counsel, where plaintiff was paid $128. He then signed

a receipt in full for the services of his entire family, and received a check stating that such services were for payment in full. He presented the check to the bank, where it was paid. Under the issues in the pleadings and as submitted to the jury, it was a question of fact whether this was a settlement in full for the work of plaintiff and all members of his family or for the services of the two boys only. Evidence was received to show that plaintiff was unable to read English; that the receipt and check were drawn by counsel, and handed to the son who was then with him, with the request from defendant that he should translate the receipt to his father.

Plaintiff and his son both insist that the agreement for settlement at that time was then stated to be for only the work of the two boys. The son stated that he attempted to translate the receipt, but from his understanding of the agreement and the contents of the receipt he represented to his father that it referred only to the services which he and his brother had rendered, and did not include the previous services of plaintiff, nor of his wife and daughter, which had been included in the account stated on August 12 of the previous year.

From the evidence it does not conclusively appear that the son, in reading and translating the receipt, was the agent solely of his father. He might have been acting for both parties in that particular phase of the transaction. At all events, both he and his father insist that they misunderstood the tenor of the receipt, and were led to believe that when it was signed it was only for the services rendered by the boys. The court fairly presented to the jury the question whether this claim of the plaintiff was honest and truthful, and whether he had been negligent in his effort to understand the contents of the receipt. The receipt was not a contract of settlement, nor conclusive evidence of the terms of the same, and was open to explanation. McKinney v. Harvie, 38 Minn. 18, 35 N. W. 668; Burke v. Ray, 40 Minn. 34, 41 N. W. 240. It was prima facie evidence that all the services of plaintiff's family were paid for in full, and, while of strong probative force to sustain defendant's contention in that respect, we cannot say, from a review of the whole evidence, including other circum-

stances in connection with the facts above mentioned, that the verdict was so palpably against the weight of the evidence that we are required to set it aside, particularly since it has received the approval of the learned trial court.

Order affirmed.