GUST OLSON v. E. O. BERG.[1]

October 31, 1902.

Nos. 13,097—(49).

**Motion for New Trial—Exceptions.**

    Cappis v. Wiedemann, .86 Minn. 156, recently decided by this court, as to the proper practice under Laws 1901, c. 113, dispensing with the necessity of taking exceptions on the trial of an action, followed and applied.

[1] Reported in 91 N. W. 1103.

Rulings of Court.

> Certain rulings of the trial court considered, and *held* to present no reversible error.

Action in the district court for Lac qui Parle county to reccver $6,000 for malicious prosecution. The case was tried before Qvale, J., and a jury, which rendered a verdict in favor of plaintiff for $500. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*J. H. Driscoll* and *Lewis E. Jones*, for appellant.

*Wellington Brown*, for respondent.

BROWN, J.

Action for damages for malicious prosecution. Plaintiff had a verdict in the court below, and defendant appealed from an order denying his motion for a new trial.

The only assignments of error which we are permitted to consider are with reference to certain rulings of the trial court on the admission of evidence. Some of the assignments which go to the alleged errors in the refusal of the trial court to instruct the jury in certain respects are not founded on any exceptions taken at the trial, and were not specified as errors in the notice of motion for a new trial. These cannot, therefore, be considered. We construed Laws 1901, c. 113, dispensing with the necessity of taking exceptions on the trial of an action, in Cappis v. Wiedemann, 86 Minn. 156, 90 N. W. 368, where the correct practice was pointed out: In cases where exceptions are taken at the trial, parties may proceed as under the old practice, specifying the ground of the motion for the new trial generally, but rulings not excepted to can be taken advantage of only by proceeding in accordance with the requirements of the act of 1901. That decision is followed and applied in this case.

It appears from the record that plaintiff purchased through defendant, who was acting as agent, a threshing rig; and defendant claimed that at the time of the purchase, and as a part of the transaction, plaintiff made and signed a written property statement, representing therein that he was the owner of certain

specified real and personal property. Subsequent to the sale, defendant, on the claim that the property statement was false and untrue, caused the arrest of plaintiff on the charge of having procured the threshing rig under false pretenses. Three distinct prosecutions were instituted against plaintiff; the first being dismissed without hearing, the second being dismissed after a hearing before the justice, and the third without hearing, on motion of the county attorney. The principal question of fact litigated on the trial was whether the property statement was in fact given by plaintiff, and intended as a true representation concerning the property owned by him. It was claimed on the part of plaintiff that whatever property statement was made was given as a matter of form, and after a statement by him to defendant that he did not own, as a matter of fact, any of the property the statement purported to represent that he did own, and that it was received by defendant with full knowledge that plaintiff did not own such property.

As already stated, the only errors which appellant's assignments permit us to consider are with reference to the rulings of the court on the admission of evidence. We have examined all these with care and patience, and find nothing on which to base an order granting a new trial. None of them are of sufficient importance to require special mention in this opinion, though we may refer briefly to that in reference to the admission of the testimony of the witness Hayden. Mr. Hayden was acting as county attorney at about the time the prosecution against plaintiff was commenced, and was consulted by defendant, presumably in reference to this particular prosecution, though the evidence does not definitely and clearly show that fact. However, it appears that defendant called upon Mr. Hayden for the purpose of consulting him, as county attorney, with reference to prosecuting some one for making a false property statement. The evidence was objected to by defendant because not connected with the case in hand, and a motion was made to strike it out, which motion was granted by the trial court in the following language:

"The motion to strike out Mr. Hayden's testimony as to the talk he had with Berg in his office is granted."

The witness in his testimony referred to but one conversation on this subject between himself and Berg, and this order strikes the entire conversation from the record, and it was thereby withdrawn from the consideration of the jury. It is contended, however, that the admission of the evidence in the first instance, though subsequently stricken out, operated prejudicially to defendant, for which a new trial should be granted. We have read the evidence of this witness carefully, and are unable to concur in this contention. There is nothing in the evidence which would tend in any way to excite the sympathies or prejudices of the jury, and its admission, conceding it to have been irrelevant because no foundation was laid, and not in any way connected with the prosecution in question, presents no ground for a new trial.

The question whether the verdict is sustained by the evidence is not presented by any assignment of error, and cannot be considered.

The order appealed from is affirmed.