FRUIT DISPATCH COMPANY v. WILLIAM A. MURPHY and Another.[1]

July 24, 1903.

Nos. 13,539—(189).

**Expert Evidence—Tropical Fruit.**

Whether bananas transported from Southern points to St. Paul would decay during the journey, and to what extent, is a matter of peculiar and special knowledge among persons engaged in the business of dealing in tropical fruit, hence a proper subject for expert evidence.

**Same.**

Certain questions directed to a person qualified to testify as to the effect of the climate on bananas in their transportation considered, and *held* properly allowed, and the answers given within the rules governing the subject of opinion evidence.

[1]Reported in 96 N. W. 83.

**Instructions to Jury.**

The charge of the court must be considered on review, not only in its parts but as a whole; and an omission to state the entire law in one instruction is not error if the omission is reasonably supplied elsewhere and the jury is not misled.

**Verdict.**

Evidence considered, and *held* reasonably to support the verdict rendered for defendants upon the counterclaim set forth in the answer.

Action in the district court for Ramsey county to recover $291.20 for a carload of bananas. Defendants set up counterclaims aggregating $834.90. The jury returned a verdict for $257.84 in favor of defendants. From an order, Brill, J., denying a motion for a new trial, plaintiff appealed. Affirmed.

Of the questions mentioned in the opinion and objected to by plaintiff those asked the expert were as follows: (a) "And what effect would it have upon an entire car of bananas if a few bunches were quite near the stage of being full ripe at the time that the car was loaded?" (b) "It would have the same effect as putting a piece of tainted meat in with a lot of good meat, would it not?"

The question asked one of the defendants was this: "Now from those facts as they have appeared in evidence here and taking into consideration just what appears in evidence and your knowledge of the actual condition of the fruit when you saw it first in St. Paul, and your knowledge of the subject of handling and preserving bananas, state whether or not in your opinion the bananas when loaded in any of these four cars at Mobile or New Orleans at the time shown by the evidence could have been in good green merchantable condition, fit for transportation to Minnesota for the purpose of sale here, and yet have arrived in Minnesota in the condition in which the fruit did."

*Walter L. Chapin,* for appellant.

*C. D. & Thos. D. O'Brien,* for respondents.

LOVELY, J.

Action to recover the contract price of a carload of bananas shipped to defendants at St. Paul from Mobile. Affirmative damages were also sought by defendants for the alleged failure of plaintiff to fulfil an agreement to make good defects on previous consignments. The

cause was tried to a jury, who returned a verdict for defendants in a substantial sum. After denial of a motion for a new trial, plaintiff appeals.

The complaint demands a recovery for the purchase price of one car of fruit shipped from Mobile in August, 1901, alleging that it was delivered to defendants at that place at their risk. In the answer defendants claim that the place of delivery was St. Paul, and that the sale was dependent on the arrival of the bananas at the point of delivery in green and merchantable condition; that the fruit did not comply with the contract in this respect, but was badly decayed, therefore it was refused when it reached its destination. A counterclaim was interposed to recover money already paid plaintiff on three other carloads of bananas which had been forwarded to defendants—two from New Orleans and one from Mobile—during the previous month of June, which were not in good marketable condition when shipped or on arrival; that, according to an agreement then made between the parties, defendants should take the fruit in each case, pay the purchase price therefor, and plaintiff would thereafter refund the difference between the amount paid, with freight, and the sum defendants should realize by sale thereof, which was assented to and acted upon by the defendants, the amount of the difference being set forth. The reply states that all the cars were delivered at the point of shipment, but denies the agreement alleged in the counterclaim; also asserts that the fruit was of good quality when shipped.

Plaintiff insists that the evidence conclusively shows that, under the agreement actually made, the several carloads of bananas shipped from the Southern points where they were received from Central America were in good condition; that, while messengers were sent with the fruit, the points of delivery were the places of shipment where the three cars were received by the defendants at their risk, "free on board" the cars; that they accepted the same and paid for those received; also, that none of them were accepted upon the conditions set forth in the counterclaim.

While the testimony very strongly tends to support plaintiff's claim in these respects, there was likewise evidence reasonably tending to establish the facts upon which defendants sought to support their justification in refusing to accept the August shipment, on which the suit

was brought, as well as to establish an agreement by the agent of plaintiff that the fruit in the several cars then and previously forwarded should be delivered at St. Paul. The testimony of plaintiff's employees at the points of shipment would undoubtedly, if credited, have shown that it was in good condition when loaded on the cars, but there was evidence for the defendants, taken in connection with testimony of witnesses reasonably tending to show the character of the fruit during its transportation, that made it a question of fact whether, when shipped, it was of suitable condition to comply with the terms of the sale.

A careful examination of all the evidence has led us to the conclusion, with reference to the issues thus contested, that except as to one carload included in the counterclaim which was under the rulings of the court held to have been accepted, the issuable questions presented by the pleadings were for the jury.

In two assignments plaintiff challenges the allowance of certain expert or opinion evidence, and has presented a somewhat extended argument to demonstrate that it was prejudiced thereby. We have examined these alleged errors with much care, and do not consider it necessary to follow the contention of plaintiff's counsel in this respect further than to say that we deem the questions thus raised require no further notice than upon the consideration whether testimony of witnesses at St. Paul, who knew nothing of the condition of the fruit when loaded, was proper to show, from its appearance on arrival of the same at that place, that it was not in proper and marketable condition when put on the cars. Several of plaintiff's witnesses whose testimony was taken by deposition state positively that the fruit was in good condition when shipped; the messengers' evidence was given of its condition during transit; and a witness properly qualified was allowed, under objection, to state the effect of putting a bunch of defective bananas in a car with good ones, and also whether, in his opinion, based upon the appearance of the fruit upon arrival at its destination, it was in proper condition when loaded. While certain other facts might have been shown upon which to base his answers, we think the foundation was properly laid for this evidence. This, of course, was essential, but did not require an accurate knowledge of every detail of the condition of the fruit at shipment or during transportation, but only such informa-

90 M.—19

tion as would justify an opinion from a person having peculiar and special information on the subject not within the common knowledge. The effect of the weather at the time of shipment upon this kind of fruit, the time of the journey, was generally shown, and the results dependent thereon might well be within the peculiar capacity possessed by skilled fruit dealers; and while, in this as in all cases where opinions are received, its effect is subject to criticism, it was for the ultimate determination of the jury. Shriver v. Sioux City & St. P. R. Co., 24 Minn. 506; State v. Boyd, 36 Minn. 538, 32 N. W. 780; Stewart v. Cannon, 66 Minn. 64, 68 N. W. 604.

While a critical examination of the questions objected to indicates that they might have been more carefully framed, they substantially comply with legal requirements. Besides, the discretion of the court, which to some extent controls in such matters, was not exceeded in the reception of the answers.

We are unable to adopt the claim urged for plaintiff that the testimony of the employees of plaintiff of the character of the fruit when put on the cars was conclusive, and could not be contested by properly qualified witnesses as to its condition when it reached St. Paul.

The plaintiff further criticises an instruction to the jury by the trial court wherein, referring to the counterclaim, it was substantially stated that when the several carloads arrived at St. Paul, defendants, as claimed, were induced to take them by plaintiff, when damages would thereafter be adjusted. The objection to this instruction is that there was not prefaced to such statement the qualification that the right of the defendants to recover must depend upon a finding that an agreement with the plaintiff was previously made. The court had both before and after this instruction stated in no unmistakable terms that defendants could not establish any rights under the counterclaim unless such an agreement had been made, and the failure to repeat this statement could hardly be considered necessary for the understanding by the jury of the issues presented, for it cannot be required in every statement of the legal elements of an issue that the trial court should preface each with all the conditions upon which it depends. Such a course would often involve instructions in obscurity, and mislead, instead of enlighten, the jury. The whole charge correctly stated the law applicable to every question in the case, and it

cannot be demanded that the entire law should be reiterated in each paragraph. Peterson v. Chicago, M. & St. P. Ry. Co., 38 Minn. 511, 39 N. W. 485; McKnight v. Chicago, M. & St. P. Ry. Co., 44 Minn. 141, 46 N. W. 294; Torske v. Commonwealth Lumber Co., 86 Minn. 276, 90 N. W. 532.

A careful examination of the entire record has led us to the conclusion that the verdict was not against the weight of evidence, and that the charge of the trial court was not misleading.

The order appealed from is affirmed.