# ANN MURRAY v. LESTER J. WILSON.[1]

January 7, 1949.

No. 34,730.

*   *   *   *   *

[1]Reported in 35 N. W. (2d) 521.

*William E. Tracy,* for appellant.
*James J. Courtney & Son,* for respondent.

THOMAS GALLAGHER, JUSTICE.

Action for personal injuries sustained by plaintiff, a pedestrian, on December 19, 1946, when struck by defendant's car at the intersection of Lake avenue south and Eighth street in Duluth. The jury returned a verdict of $4,700 for plaintiff. From an order denying defendant's motion for a new trial, this appeal is taken.

Plaintiff had been a passenger on a bus traveling south on Lake avenue south and had been discharged therefrom at the northwest corner of said intersection, near her home. While attempting to cross Lake avenue south from the west to the east side thereof, she was struck by defendant's car traveling south on Lake avenue south as it passed to the left of the bus at the intersection. It is undisputed that in passing the bus defendant drove some four or five feet to the left thereof and to the left of the center of Lake avenue south.

Plaintiff testified that in crossing over Lake avenue south she walked on the extension of the northerly crosswalk of Eighth street.

The evidence disclosed that defendant's car skidded a distance of some 20 feet before coming to a stop after the accident, finally coming to rest two feet west of the east curb of Lake avenue south and two feet north of the south line of Eighth street.

As a result of the accident, plaintiff was confined to the hospital for approximately six weeks, and to her home for an additional five weeks. She sustained injuries to her head, a slight concussion with some laceration of the scalp, swelling, and inflammation, and a compression fracture of the first lumbar vertebra. Medical testimony presented by her indicated that she would "always know that she has had a fractured vertebra because there are times when she will have more pain than others. She * * * may even have to resort to the brace at times." She was over 65 years of age and unemployed at the time of the accident.

On appeal, defendant charges that the trial court erred in giving the following instructions:

"Except on a one-way roadway (and this was not a one-way roadway; traffic in both directions was provided for), no vehicle shall in overtaking and passing another vehicle or at any other time, be driven to the left side of the roadway under the following conditions: 'When approaching within 100 feet of or traversing any intersection.'

\* \* \* \* \*

"The driver of any vehicle traveling at an unlawful speed shall forfeit any right of way which he might otherwise have hereunder.

\* \* \* \* \*

"If you find from the evidence that the plaintiff was walking across a portion of the intersection of Lake Avenue South and Eighth Street at the time she was struck and injured at a place clearly marked by pedestrian use as a crosswalk, then she would have the right of way over the approaching automobile of the defendant and she would have the right to assume that the defendant would yield to her such right of way until the contrary became apparent or until, in the exercise of ordinary care and prudence, she should have seen that the contrary was apparent."

Defendant further claims error in the trial court's refusal to give defendant's requested instructions as follows:

"There is no evidence in this case that plaintiff has sustained any permanent disability as a result of the accident involved herein.

\* \* \* \* \*

"There is no evidence that plaintiff has sustained any loss of earnings by reason of the accident involved herein."

■ We do not find error in the instructions as above outlined. Defendant admits that he was driving to the left side of Lake avenue south at the time of the accident. He attempts to justify this by his contention that the width of the bus and the position in which it was parked made this route necessary. This would not absolve him from M. S. A. 169.18, subd. 3, which provides:

"The following rules shall govern the overtaking and passing of vehicles proceeding in the same direction, subject to those limitations, exceptions, and special rules hereinafter stated:

\* \* \* \* \*

"(6) \* \* \* no vehicle shall, in overtaking and passing another vehicle or at any other time, be driven to the left half of the roadway under the following conditions:

\* \* \* \* \*

"(b) \* \* \* when approaching within 100 feet of or traversing any intersection \* \* \*;"

Neither would it absolve him from what the jury might find was negligence at common law in attempting to pass immediately to the left of a parked bus discharging its passengers at a time when the pavement upon which he was driving was in a slippery condition.

■ Defendant argues that the statute has no application here because the bus had come to a *stop,* while the statute refers to overtaking a vehicle *"proceeding in the same direction."* It is to be noted that § 169.18 not only applies when passing a vehicle proceeding in the same direction, but, by its terms, "or at any other time." Further, the same argument was advanced in Geisen v. Luce, 185 Minn. 479, 242 N. W. 8, where a car likewise passed to the left of

a parked car. In that case there was involved Mason St. 1927, § 2720-13(a), which provided:

"The driver of a vehicle shall not drive to the left side of the center line of a highway in *overtaking and passing another vehicle proceeding in the same direction* unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety." (Italics supplied.)

There we stated (185 Minn. 482, 242 N. W. 10):

"* * * It is the contention that this statute was not applicable because Ferris' car was standing and not moving. We are of the opinion that the contention is unsound, and we construe the statute as applicable to a standing car headed in the same direction the same as if it were moving."

In view of its explicit language and our construction in the Geisen case, we find no error in the instruction given with reference to M. S. A. 169.18, subd. 3.

■ Defendant contends that the trial court erred in its instruction as above quoted relative to plaintiff's rights at the crosswalk. Defendant contends there was no crosswalk from the west to the east side of Lake avenue south extending from the north crosswalk of Eighth street, as defined under the statute. No claim was made to such effect at the trial. No exception was taken to the court's charge with respect thereto. It was not assigned as error in defendant's motion for new trial. Under such circumstances, the issue is not before us for consideration. Cappis v. Wiedemann, 86 Minn. 156, 90 N. W. 368; Olson v. Berg, 87 Minn. 277, 91 N. W. 1103.

■ Defendant asserts that the court erred in instructing the jury that a vehicle traveling at an unlawful rate of speed shall forfeit its right of way. No exception was taken to this instruction, nor was it assigned as error in defendant's motion for new trial. There was evidence that the street was slippery at the time, and that the car skidded some 20 feet before stopping. Such facts might justify

the instruction given. Failure to except thereto or to assign it as error eliminates it from consideration here.

■ Defendant assigns as error the failure of the trial court to give defendant's requested instructions with reference to the lack of evidence that plaintiff had sustained any permanent injuries or any loss of earnings by reason of the accident.

While there was some evidence presented that plaintiff's injuries were of a permanent nature, the trial court did not so instruct the jury. The instructions on this issue left it to the jury to determine the extent of such injuries. The instruction on special damages made no reference to loss of time. The court's instruction on these issues was as follows:

"If you find * * * that the plaintiff has proved * * * that defendant's negligence was the proximate cause of the accident and her injuries * * * you will award the plaintiff such a sum as damages as will fairly, justly, adequately and reasonably compensate her for the pain and suffering which she has sustained to the present for such pain and suffering as she may reasonably be expected to sustain in the future, and for such permanent disability, if any, by her sustained that is a proximate result of this accident, and in addition thereto, such sum as will fairly, adequately, justly and reasonably compensate her for reasonable and necessary hospitalization, ambulance service, physicians' fees, appliances, medical and personal attention by practical nurses and others."

Under the circumstances, we find no error in the trial court's refusal to give the instructions requested. It is well settled that, while a court may direct the attention of the jury to the evidence or lack of evidence on a certain issue, where the evidence is direct and its application to the issues is not difficult, the court is not required to call attention to particular facts or the lack of particular facts and the probative effect thereof. Bolstad v. Armour & Co. 124 Minn. 155, 144 N. W. 462; Piepho v. M. Sigbert-Awes Co. 152 Minn. 315, 188 N. W. 998. All that is required is that the charge as a whole convey to the jury a clear and correct understanding

of the law. It is unnecessary that every possible opportunity for misapprehension be anticipated or guarded against. If the charge fairly lays down the law of the case, it is sufficient. Fruit Dispatch Co. v. Murphy, 90 Minn. 286, 96 N. W. 83; Kostuch v. St. Paul City Ry. Co. 78 Minn. 459, 81 N. W. 215.

Here, no evidence was presented that plaintiff had sustained loss of time, and no argument to such effect was made to the jury. The instructions given with reference to her injuries were not in conflict with the medical testimony submitted. Under such circumstances, we do not feel that the court's failure to give this requested instruction constituted error, since the instructions given fairly presented the issues for the jury's determination.

Affirmed.

KNUTSON, JUSTICE (concurring specially).

I concur in the result, but I do not believe that M. S. A. 169.18, subd. 3(6)(b), is applicable to the factual situation presented here. It seems to me that this statutory provision was not enacted for the protection of pedestrians crossing the street, but rather for the protection of those who have a right to use the left half of the roadway. Subd. 3(5) contains a prohibition against encroaching upon the left side of the center of the roadway in overtaking and passing another vehicle unless such left side is clearly visible and is free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be completely made without interfering with the safe operation of any vehicle approaching from the opposite direction or any vehicle overtaken. Subd. 3(6)(b) undoubtedly has in mind the danger of encroaching upon the left half of the roadway in passing another vehicle when within 100 feet of an intersection and the consequent danger to others who have a right to use the opposite half of the roadway in passing through the intersection or turning out of it. A pedestrian crossing at right angles to the approaching traffic would be safer in many instances, and certainly in this, if the passing vehicle were far to the left, as he would have a greater opportunity of observing the passing car and protecting himself from threatened danger. Certainly in this case, had de-

fendant been farther to the left, he might have missed plaintiff entirely. However, I believe the jury could find defendant guilty of negligence irrespective of the statute under the circumstances here involved, and for that reason the error, if it was such, is not prejudicial. It is also obvious that the accident would have happened equally as well had Lake avenue south been wide enough so that defendant could have passed the bus without passing over the center line. As a matter of fact, the closer defendant remained to the bus the more danger there was to plaintiff.

---

[1]Reported in 35 N. W. (2d) 534.