EDITHE C. SANDERS v. BOULEVARD DEL., INC.

152 N. W. (2d) 132.

July 7, 1967—No. 40,150.

*Robins, Meshbesher & Kirschbaum, Kenneth Meshbesher,* and *Michael L. Robins,* for appellant.

*Schermer & Gensler* and *Sheldon J. Gensler,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

Appeal from an order denying plaintiff's motion for a new trial and from judgment for defendant.

Plaintiff, Edithe C. Sanders, sued Boulevard Del., Inc., a Minnesota corporation engaged in operating a delicatessen, to recover for injuries she sustained on defendant's premises allegedly because of defendant's negligence. Defendant contends she was contributorily negligent.

In the early afternoon of October 3, 1961, plaintiff, along with her neighbor, Mrs. Ladue, drove in plaintiff's car to defendant's parking lot where she parked the car. The two women then went from the parking lot to defendant's store building located at 7200 Minnetonka Boulevard in St. Louis Park. They had lunch in the part of the store used as a restaurant. Thereafter plaintiff purchased some milk, bread, and bakery goods, which were placed in two brown paper bags.

The two women then left the store and proceeded across the black-topped area in front of the building on their way to plaintiff's car. Plaintiff said that while carrying the bags she tripped in a hole, slid, and fell to the ground, sustaining injuries. There is a conflict in the record as to the degree that the bags obstructed plaintiff's view, but it appears that they did obstruct her view to some extent. She testified that she had not seen the hole prior to her fall.

It was stipulated that defendant was the owner, occupant, and in control of the premises where plaintiff claims she fell and that plaintiff was a business invitee of defendant at that time.

The case was tried before a jury, which returned a verdict for defendant. Thereafter plaintiff moved for a new trial on the grounds that the verdict was not justified by the evidence and was contrary to law and that the trial court committed prejudicial error with respect to funda-

mental and controlling principles of law in failing to instruct the jury (1) that a business visitor is entitled to assume that proper care has been exercised to make the premises safe and is not required to be on the alert for unusual conditions; (2) that as a business invitee plaintiff had a right to expect reasonable safety and convenience in the area made available to her as such invitee and was not required to use extraordinary caution but only such care as persons of ordinary prudence ordinarily exercise under similar circumstances; (3) that the defendant had a duty to inspect the premises and look for any possible dangerous conditions that might give rise to injury or create risk of injury. Plaintiff also contended that the court erred in not giving a requested instruction informing the jury with respect to procedures pertaining to the taking of testimony for use either as discovery or for evidence and that a witness for plaintiff had no obligation to talk to members of defendant's law firm unless served with a subpoena compelling her presence at the taking of a deposition.

The legal questions raised on appeal from the order denying this motion for a new trial are substantially the same as (1) and (2) above and, in addition, whether plaintiff as a business visitor was required to see what was in plain sight unless there was some reasonable excuse for not seeing it where the condition to be observed was unusual and there was no reason to apprehend danger.

The court explained negligence, contributory negligence, proximate cause, and burden of proof in its general instructions. It also charged that a possessor of land has a duty to a business visitor to use reasonable care to make his premises reasonably safe for a business visitor or to give him adequate warning to enable him to avoid harm from a dangerous condition on the premises if the possessor knows of, or by the use of reasonable care could discover, a condition which he should realize involves an unreasonable risk to the business visitor and if the business visitor has no present knowledge of the danger or present realization of the risk involved. The jury was also told that the duty of reasonable care on the part of the possessor of land is a continuous one which does not cease with an initial safe construction or installation, but continues so long as the premises are used by business visitors.

On the degree of care required of a business visitor, the court instructed

that plaintiff was required to exercise the degree of care which persons of ordinary prudence would exercise under like circumstances; that her duty to use reasonable care to avoid injury to herself placed on her the obligation to see what was in plain sight unless there was some reasonable excuse for not seeing it; and that if the jury found that the hole was in plain sight and was not seen by plaintiff, it must determine from the evidence whether or not there was some reasonable excuse for not seeing it.

■ Plaintiff cites as controlling Behrendt v. Ahlstrand, 264 Minn. 10, 118 N. W. (2d) 27. In Behrendt plaintiff was a business invitee when he slipped and fell on an icy spot on the loading platform of defendant's dairy. The latter raised the defense of contributory negligence, but the jury returned a verdict for the plaintiff. In affirming an order denying defendant's alternative motion for judgment notwithstanding the verdict or a new trial, this court stated that the occupier of land is required to exercise ordinary and reasonable care to warn a business invitee of the dangers of which the occupier knows or could have discovered by inspection or in the exercise of reasonable care.

With respect to the care required of a business visitor, we said in the Behrendt case that such a visitor was entitled to assume that proper care had been exercised to make the premises safe and was not required to be on the alert for unusual conditions; had a right to expect reasonable safety and convenience in the area made available to him; and was not required to use extraordinary caution but only such care as a person of reasonable prudence would ordinarily exercise under such circumstances. Plaintiff requested an instruction incorporating these statements relative to her duty as a business invitee and contends that the court erred in refusing to give it.

While it might have been preferable for the court to have given an instruction bearing on plaintiff's right to assume that defendant had used proper care in making the premises safe,[1] and that she did not have to be on the alert or extraordinarily cautious to look for unusual conditions under the facts and circumstances here, an examination of the court's charge in its entirety satisfies us that no such prejudicial error resulted

---

[1] See, Minnesota Jury Instruction Guides, pp. 313, 314.

as to require a reversal in this case. We think the charge as a whole adequately presented the law on the issues involved.

With respect to the court's failure to instruct that plaintiff was not required to use extraordinary caution, we have held that it is not error to refuse to give a negative instruction. In Nubbe v. Hardy Continental Hotel System, 225 Minn. 496, 31 N. W. (2d) 332, plaintiff tenant sued defendant landlord for injuries sustained when she fell down defendant's allegedly defective stairway. The trial court instructed that defendant owed the duty "to use that care which an ordinarily reasonable and prudent person would use in the same or similar circumstances to keep and maintain the stairs * * * in a reasonably safe condition." 225 Minn. 502, 31 N. W. (2d) 336. The court refused to give the defendant's requested instruction that it was "not an insurer of the safety" of the premises, and we said:

"* * * Although defendant's request was entirely proper and, if granted, would by contrast have reasonably contributed to the clarity of the charge, we cannot say that the trial court's refusal so to instruct was erroneous or prejudicial."

It is our opinion that the jury fully understood from the tenor of the general charge that plaintiff was required to use, not extraordinary care, but only that of a reasonably prudent person.

■ Plaintiff further contends that the court erred by instructing the jury that she had an obligation to see what was in plain sight unless there was some reasonable excuse for not seeing it. A review of the record reveals that plaintiff failed to object to this instruction at the time of trial, nor did she raise the objection in her motion for a new trial. Where no exception is taken to a matter in the court's charge and no assignment of error with reference thereto is contained in a motion for a new trial, this court may not consider whether reversible error is contained therein.[2]

In connection with other claimed errors raised by plaintiff, we find no reversible error.

Affirmed.

---

[2] Murray v. Wilson, 227 Minn. 365, 35 N. W. (2d) 521; Cappis v. Wiedemann, 86 Minn. 156, 90 N. W. 368; Olson v. Berg, 87 Minn. 277, 91 N. W. 1103.