. P. A. OLSON and another *vs*. CHARLES ERICKSON and Wife.

February 4, 1890.

Vendor and Purchaser—Sale by Agent—Authority too Indefinite.— A written authority to sell real estate *held* so indefinite and uncertain as to the terms upon which the sale might be made that the court will not specifically enforce a written contract of sale made by the agent.

Same—Reformation of Written Power to Agent.—While a mere naked power may not be reformed, when it becomes a part of the principal's contract with another by the agent acting under it, so that it cannot be revoked so as to affect the rights of such other, it may, when necessary, be reformed.

Same—Reformation of Description.—Where, through mistake or fraud, a written contract to convey does not contain the right description, the court may reform it so as to make it conform to the oral agreement.

Appeal by plaintiffs from an order of the district court for Hennepin county, *Hicks*, J., presiding, sustaining a demurrer to the complaint. The written authority from defendant Charles Erickson to the agents bore date August 13, 1886. The contract made by the

agents with plaintiffs bore date August 20, 1886, and was "on terms as follows: $50 in hand paid; $275 payable on or before 10 days after date hereof, or as soon thereafter as the deed  * * * is tendered, and $700 according to the terms of a certain mortgage for that amount now on said lot." It further provided that time should be of the essence; that if title were not good and could not be made good in 60 days from date of contract, the agreement should be void and the $50 refunded; but if title was good or should be made good within said 60 days, the $50 should be forfeited to Erickson, but such forfeiture should not affect either party's right to enforce specific performance.

*Michelet & Peterson,* for appellants.

*Ueland, Shores & Holt,* for respondents.

GILFILLAN, C. J. This is an action to reform a contract to convey real estate, and to enforce specific performance of it as reformed. The appeal is by plaintiffs from an order sustaining a demurrer to the complaint. The complaint sets forth a written authority by defendant to W. A. Barnes & Co. to sell certain real estate, and a written contract of sale executed in the name of defendant by Barnes & Co., agreeing to sell the real estate to plaintiffs on terms set forth in it. In both the real estate is described as "Lot (6,) block (1,) Addition Powder-Horn Park." It is alleged that "block 1" was inserted in the written authority, by the mutual mistake of the parties to it, instead of "block 2," which they intended to insert, and which ought to have been inserted in it; and the same mutual mistake is alleged as to the description in the contract. The reformation prayed for is by inserting "block 2" in the stead of "block 1."

Certainly a court will not reform an instrument unless it be such a one as may be enforced after it is reformed. It would be doing a merely useless thing. The contract to sell could not be enforced, even if corrected in respect to the description of the property, unless in other respects it appears to be such a contract as the agents were authorized to make. The respondent claims that the written authority is so indefinite and uncertain that it is impossible to tell what were to be the terms of sale, and that it is therefore void. The authority was in these words: "I, the undersigned, hereby authorize W. A. Barnes & Co. to sell the following described real estate, located

in Minneapolis, at the price and upon the terms below set forth: Lot (6,) Block (1,) Addition Powder-Horn Park, No. — street, ———— avenue. Size of lot, 43x128. Owner, Charles Erickson. Address, 2120, 11 Ave. So. Price, $1,050. Incumbrances, $700. Due, $100 yearly, at (8) per cent.; 1st $100, 1 year, or $1,000 net 8–20 '86." It is difficult from this to tell whether the property was to be sold subject to incumbrances at the price of $1,050, or $1,000, or at that price less the incumbrances, though the words, "or $1,000 net," would seem to indicate and make it probable that the property was to be sold so as to net the seller $1,000, which of course it would not do at the price of $1,050, or $1,000 with the amount of the incumbrances taken out. The contract made by the agents allowed to the purchaser the amount of the incumbrances as part of the price, ($1,025;) that is, deducted the incumbrances from the price. Before a court will enforce specific performance, the contract must be clearly established. If there be doubt or uncertainty as to what the contract is, or as to whether it is the contract of the defendant, the plaintiff will be left to whatever remedy there may be at law. The case comes within that rule. The authority of the agents is so indefinite and uncertain as to the terms on which they were to sell that the court cannot say with confidence that the contract made by the agents is that of the defendant.

As the order appealed from gave plaintiffs leave to amend their complaint, and as on the trial of the cause, if they do so amend, the same questions may arise, we will decide those questions principally argued here, and on which, as appears from its memorandum filed, the court below decided the demurrer. The propositions made by respondents are that the authority given to the agent is a naked power, and a court will not reform a mere power, and that a court will not reform a contract to convey real estate, within the statute of frauds, by inserting in it a description of real estate other than that described in it. A court will not reform a mere power, for the obvious reason that it is revocable, and the grantor of it might at any time make nugatory the decree of reformation by exercising his right to revoke. Such a decree would be ineffectual. But when the agent has acted upon it, has exercised the power, and others have acquired rights

from the exercise of it, the grantor cannot revoke it so as to affect such rights.    It has then become, as it were, a part of the grantor's contract; and as such we see no reason why, if it be necessary, it may not be reformed.    On the latter proposition the authorities in this country are not entirely agreed.    But, notwithstanding the vigorous protest against it in *Glass* v. *Hulbert*, 102 Mass. 24, the generally accepted doctrine is that, even in cases coming within the statute of frauds, where the written contract, whether executed or executory, fails, through mistake or fraud, to express the actual agreement orally agreed on, it may be reformed as well by including in it the description of a subject-matter omitted as by excluding from it a subject already in it.    Even the case referred to admits the power of the court to make the writing conform to the oral agreement by excluding a subject not intended to be in it.    And we do not see the difference, in principle, between that and making it conform by inserting another subject.    In either case the oral agreement is the guide, and controls the action of the court.    We follow the general doctrine as we have stated it.

Order affirmed.