JOSEPH EFTA v. F. W. SWANSON and Others.[1]

November 12, 1909.

Nos. 16,083—(9).

**Reformation of Contract — Deed.**

> Where, by the fraud of the vendor and the mistake of the vendee, the parties
> to an oral sale of land have signed a written contract for a special war-
> ranty deed only, and such a deed has in fact been executed, a court of equity
> will reform the contract and deed, so as to make them conform to the original
> oral agreement for a full warranty deed.

Action in the district court for Roseau county against F. W.
Swanson, Rachel Swanson and John Bohmer to reform a written con-
tract and to reform the deed given in performance of the contract,
and to recover $1,600 damages for breach of warranty in the deed.
From an order overruling defendants' general demurrer, Grindeland,
J., they appealed.     Affirmed.

*E. M. Webster* and *Stewart & Brower,* for appellants.
*Brown & Eckstrom* and *M. J. Hegland,* for respondent.

JAGGARD, J.

The complaint of plaintiff and respondent herein set forth that
defendants, owning a tract of land, orally agreed to convey the same
by full warranty deed to the premises; that subsequently the agree-
ment was reduced to writing; "that said defendants wilfully, wrong-
fully, and fraudulently represented to said plaintiff that the said
contract provided for the delivery to him of a full warranty deed of
said land; that said contract was written in the English language, as
plaintiff verily believes; that plaintiff is foreign-born, and does not
read, write, or understand the English language;" that the said con-
tract was drawn so as to provide for delivery of a special warranty
deed, or quitclaim deed only; that subsequently a deed was executed
in accordance with said contract, which was in form not a full, but a

[1]Reported in 123 N. W. 56.

·special, warranty; that defendants took advantage of the ignorance of plaintiff of the English language in procuring said contract; that this deed was received and accepted by the plaintiff, relying upon the false and fraudulent representation of the defendants that it was in accordance with the original agreement and believing the same to be true. That complaint also alleged further facts to show a breach of the general warranty. It prayed for a relief by way of reformation of the contract and deed, for damages for the breach of the warranty, and other relief. Defendants and appellants demurred to it on the ground that the facts alleged did not constitute a cause of action. From the order of the trial court overruling the demurrer, this appeal was taken.

Defendants insist, in substantially their own words, that the original oral agreement was within the statute of frauds; that, even if fraud was practiced when the parties reduced it to writing, the courts are without power to strike out of such agreement the terms inserted by fraudulent practice, and insert those to which the parties orally agreed. The deed itself could not be reformed, without reformation of the contract; and, if the latter cannot be reformed, then the former cannot be. Plaintiff had two options, either to disaffirm and rescind the contract entirely, or to affirm it in its entirety and take what the contract gave him.

The vice of this argument is that it converts the statute of frauds into an instrument for the perpetration of fraud. Such a construction is at right angles with the avowed purpose of that celebrated enactment, viz., to prevent fraud. All courts have refused to permit such a perversion and to aid and abet such injustice, in all the manifold forms in which the attempt has been made, including the one immediately in question. In Olson v. Erickson, 42 Minn. 440, 441, 44 N. W. 317, Gilfillan, C. J., said: "The generally accepted doctrine is that, even in cases coming within the statute of frauds, where the written contract, whether executed or executory, fails, through mistake or fraud, to express the actual agreement orally agreed on, it may be reformed, as well by including in it the description of a subject-matter omitted, as by excluding from it a subject already in it." On this principle, the contract and the deed could properly be

made to conform to the actual agreement. The complaint set forth a mistake on the part of the plaintiff and fraud on the part of the defendant. Fritz v. Fritz, 94 Minn. 264, 102 N. W. 705.

It follows that plaintiff was entitled to relief by way of reformation. Whether he was entitled also to damages or further relief in this proceeding is not before us for determination. As to that question we neither indicate nor express an opinion.

Affirmed.