## HENRY KOCH v. WILLIAM FISCHER.[1]

June 13, 1913.

Nos. 18,098—(147).

**Part performance of void oral lease — evidence.**

> In this an unlawful detainer action, tried de novo in the district court on appeal from the justice court, the defense was part performance of an oral lease void under the statute of frauds. *Held,* that the evidence failed to show clearly the lease and the terms thereof and wholly failed to show that the alleged acts of part performance were done pursuant to and in reliance on such lease.

Defendant appealed from justice court to the district court for Sibley county. The appeal was tried before Morrison, J., who denied defendant's motion for a directed verdict and a jury which returned a verdict in favor of defendant. Plaintiff's motion for judg-

[1] Reported in 142 N. W. 18.

ment notwithstanding the verdict was granted.    From the order granting the motion, defendant appealed.    Affirmed.

*W. H. Leeman,* for appellant.

*George A. & C. H. MacKenzie* and *Charles W. Quandt,* for respondent.

HOLT, J.

Action in unlawful detainer begun in justice court, appealed to the district court on law and fact, and verdict for the defendant. Thereupon the plaintiff moved in the alternative for judgment notwithstanding the verdict or a new trial. The court ordered judgment for plaintiff and defendant appeals.

The plaintiff alleged that on October 3, 1911, he let his farm to defendant until March 1, 1912, that the latter did not vacate at the end of the term, and wrongfully detains possession from the plaintiff. The defendant answered to the effect that he had been the plaintiff's tenant since October 23, 1905, under a verbal lease renewed from year to year; that in June, 1911, the parties verbally agreed to renew the lease for a period from October, 1911, to October 23, 1912; that pursuant to such letting the defendant hauled manure and plowed 50 acres of the farm; and that he is in possession under said agreement.

The evidence of the plaintiff tended to prove that on October 3, 1911, there had been no previous agreement as to reletting for the next year beginning October 23, 1911, and the defendant was then informed that the farm was sold, but as the purchaser was not to have possession until the first of the following March, the defendant could remain in the buildings up to that date.    The defendant admits that he was informed of the sale of the farm, but denies that there was any agreement on his part to remain a tenant no longer than to March 1, 1912.    He also testified that the leasing was a verbal agreement made in June, 1911, for one year beginning October 23, 1911, and that before informed of the sale of the farm, he had plowed and manured the farm for the next year's crop.

The relation of landlord and tenant existed and was admitted by the defendant.    He claimed no right to detain possession except

under an alleged lease, void under the law. The only defense was such part performance of the void lease as to entitle him to specific performance. This defense was not open to him in the justice court. Conceding, but not deciding, that the defendant had no remedy at law for the recovery of the value of the plowing and manuring for the crop season of 1912, and also that he could in this action, set up and litigate in the district court, upon a trial de novo, the right to remain in possession, because he had partly performed a lease void under the statute of frauds, Fowler v. Atkinson, 6 Minn. 350 (503), we nevertheless are of the opinion that the evidence was not sufficient to show such part performance that the right to a decree for specific performance may be based thereon. The burden was upon the defendant to establish such defense, and to prove the alleged oral contract clearly. The plaintiff alleged one lease; the defendant set up a different, but no testimony was given as to its terms, except that it was to be the same as the old. There was no testimony as to the terms of the old lease. "Specific performance of an oral agreement to convey lands will not be enforced unless the contract is clearly proved, both as to the fact of making it and as to its terms." Burke v. Ray, 40 Minn. 34, 41 N. W. 240; Olson v. Erickson, 42 Minn. 440, 44 N. W. 317.

The plaintiff absolutely denied making the lease claimed by defendant. When the plowing and manuring was done, the defendant was not in possession under this alleged new lease, but under the prior lease, and the work done by the defendant, before the new lease began, should ordinarily be considered as required under the old lease. Manifestly, in that situation, it was incumbent on the defendant to show clearly that the plowing and manuring was done solely as a part performance of the alleged verbal lease of June, 1911, and in reliance thereon. In this we think he failed. No testimony was offered as to what he was required to do under the lease which expired October 23, 1911, in respect to plowing and hauling out manure. Therefore, the court was right in ordering judgment notwithstanding the verdict. See citation from Story, Eq. Jur. in Wentworth v. Wentworth, 2 Minn. 238 (277). Lanz v. McLaughlin, 14 Minn. 55 (72). Part performance sufficient to take an oral contract

relating to land out of the statute of frauds includes proof that the possession was taken under that contract, and likewise that the payment or work relied on was in pursuance of and reliance on such contract alone.

Order affirmed.