## CARL BERNDT v. WILLIAM BERNDT.[1]

October 30, 1914.

Nos. 18,764—(61).[2]

**Ejectment — proof of contract of sale — finding.**
1. Action in ejectment. Defense, that defendant is in possession under an oral contract of sale, with such part performance as to take the case out of the statute of frauds. The court found no oral contract was made. To entitle the defendant to the relief asked for, such contract must be clearly proved and its terms so specific and distinct as to leave no reasonable doubt of their meaning. The finding should not be set aside unless it is manifestly and palpably against the weight of the evidence. The evidence is conflicting and it well sustains the finding of the trial court, and the finding must be sustained.

**Plaintiff entitled to maintain action.**
2. Before the commencement of this action plaintiff sold the land to other parties under contract which provided for payment of the price, delivery of a deed, and delivery of possession at a time fixed. That time arrived soon after commencement of this action. Payment has not yet been made and no deed given. The purchasers are accordingly not yet entitled to possession. Ejectment is a possessory action. Plaintiff is entitled to the possession of the land and is entitled to maintain ejectment.

Action in the district court for Watonwan county. The case was tried before Pfau, J., who made findings and ordered judgment in favor of plaintiff. From an order denying his motion for amended findings of fact and conclusions of law or for a new trial, defendant appealed.   Affirmed.

1 Reported in 149 N. W. 287.          2 October, 1914, term calendar.

*J. W. Seager* and *J. L. Lobben,* for appellant.
*Hammond & Farmer* and *S. B. Wilson,* for respondent.

HALLAM, J.

Plaintiff and defendant are father and son. Plaintiff, the father, owned a 200-acre farm in Watonwan county. One year he rented it to the defendant, his son. They did not agree, and the next year a mutual friend, Charles Duryea, interceded, rented the land of the father and sublet it to the son. This arrangement was followed for two seasons. Toward the end of the second season, and in September, 1911, the father announced to Duryea that he was going to sell the farm. Duryea urged him to give his son the first chance to buy. The father remonstrated at first, stating that the son could never pay for it, but, at the instance of Duryea, consented to meet with the son and talk it over. They met. Plaintiff testified that as a result of the interview he said to his son: "I will give you a chance up to the fall, and if we can get along togedder, I sell you the farm at $55 an acre, and if we can's get along, then I says you have to pay rent. * * * If he got it * * * I say you have to pay me * * * every year $600 * * * interest * * * he have to pay me 5 per cent * * * I tell him dis way, if we go and make papers out, a deed, that we make it that way that he never could sell the land or put a mortgage on it * * * and when he is dead it goes to the children."

The son testified that the agreement, though verbal, was an absolute and present agreement to sell the farm for $55 an acre, payable $750 a year, without interest, the first payment to be made in the fall of 1912. He admits, however, that a contract was to be drawn when the first payment was made and that the land was to go to the children after his death. The son continued in possession during the season of 1912 under this agreement. Father and son disagreed and the father notified the son early in the season that he could not have the farm, and in September sold the farm to other parties, Hanson and Wenstrum, and later commenced this action in ejectment. The defense is that an oral contract of sale was made and that there was such part performance as to take the case out of the

statute of frauds. The court found that no contract was made. Defendant asks us to set aside this finding as not sustained by the evidence.

If we bear in mind the principles which govern such cases, the determination of this question becomes easy. It is an old established rule that "to entitle a party to the specific performance of an alleged contract to convey real property, the contract must be clearly proved, and its terms should be so specific and distinct as to leave no reasonable doubt of their meaning." Lanz v. McLaughlin, 14 Minn. 55 (72); Kileen v. Kennedy, 90 Minn. 414, 97 N. W. 126; 2 Story, Eq. Jur. § 764. This rule is applied even when the alleged contract is in writing. It goes without saying that a rule no less strict is applied when the alleged contract is oral. Burke v. Ray, 40 Minn. 34, 41 N. W. 240; Koch v. Fischer, 122 Minn. 123, 142 N. W. 18; Brown v. Brown, 47 Mich. 378, 11 N. W. 205; 2 Story, Eq. Jur. § 764.

While the defendant does not ask in the present action for a decree for specific performance of his alleged contract, yet the effect of granting the relief he does ask for is in substance much the same, for he asks the court to find that the alleged contract was made and to adjudge his possession rightful by reason thereof, and the principles above stated are substantially the principles which the trial court was obliged to apply in arriving at the decision it did that no contract at all was made.

In reviewing that decision this court is to be guided by the principle that the finding should not be set aside, unless it is manifestly and palpably against the weight of the evidence. Wann v. Northwestern Trust Co. 120 Minn. 493, 497, 139 N. W. 1061. Applying this principle, the trial court must clearly be sustained. If plaintiff's testimony is true, there was no contract. There are circumstances tending to corroborate plaintiff. Defendant testifies to a contract. He is corroborated by some testimony in the nature of admissions said to have been made by plaintiff. The questions involved were purely questions of fact. The findings of the court are well sustained by evidence and should not be disturbed.

2. It is urged that plaintiff cannot maintain this action because

of the contract of sale which he gave to Hanson and Wenstrum. This contract of sale was dated August, 1912. This action was commenced in February, 1913. An examination of the contract makes it very apparent that it does not bar the right of plaintiff to commence and maintain this action. Ejectment is a possessory action, and may be maintained by any person entitled to possession. Atwater v. Spalding, 86 Minn. 101, 90 N. W. 370, 91 Am. St. 331. Plaintiff, as legal owner, has the right of possession, unless this contract with Hanson and Wenstrum has deprived him of it. The contract has not done so. The contract provided that the vendor should deliver a warranty deed upon full performance by the purchaser; that the purchase price of the land over and above earnest money of $500 and a mortgage encumbrance then on the property should be paid March 12, 1913; that the purchasers should have possession March 12, 1913. Right of possession had not passed from plaintiff when this action was commenced, in February, 1913. Nor did it pass on March 12, 1913. The obligation of payment on one side and delivery of deed and of possession on the other, were concurrent. The evidence is that the purchase price has not yet been paid and no deed has been given. Plainly Hanson and Wenstrum have no right either to a deed to the land or the possession of the land until payment has been made. See Buell v. Irwin, 24 Mich. 145. Plaintiff is the person entitled to the possession of this land, and he is entitled to maintain ejectment against the defendant, who wrongfully withholds possession.

Order affirmed.