### WALTER BIDDLE v. ELIZA WHITMORE.[1]

#### July 14, 1916.

#### Nos. 19,834—(224).

**Statute of frauds — verbal agreement to extend lease in future.**

1. A verbal agreement to extend the term of a lease for the period of one year, such year to commence at a future date, is within the statute of frauds and unenforceable.

**Same — part performance to avoid statute — evidence.**

2. Evidence of part performance by the lessee, consisting in plowing the land, and spreading manure thereon, all in preparation of the land for the crop during the extended term, and performed in reference to and reliance upon the agreement of extension, *held* sufficient to justify the conclusion that the part performance was sufficient to avoid the bar of the statute.

Action in the district court for Douglas county to compel defendant to renew plaintiff's lease with her, that he be permitted to remain in possession of the premises for the term of one year from March 1, 1915, and

---

[1] Reported in 158 N. W. 808.

to enjoin defendant and her husband from interfering with plaintiff's possession except as a right to do so is reserved in the lease. The case was tried before Rooser, J., who made findings and ordered judgment in favor of plaintiff. The motion of defendant Eliza for amended findings and conclusions of law was denied. From the order denying her motion for a new trial, defendant Eliza appealed. Affirmed.

*Constant Larson* and *Donohue & Stephens,* for appellant.

*Gunderson & Leach,* for respondent.

BROWN, C. J.

Defendant is the owner of a large farm in Douglas county, which she leased to plaintiff for the term of one year commencing March 1, 1914, and ending March 1, 1915. The lease was in writing, in the form of the usual cropping contract, and imposed upon plaintiff as the tenant certain specific duties and obligations, and vested in defendant as the landlord certain specific rights in and to the crops to be raised and in the direction of the farming operations. Plaintiff took possession and operated the farm during the term fixed by the lease, and so far as appears, in full compliance with the contract. Before the expiration of the year plaintiff claims that by verbal agreement between the parties the lease was extended for another year, or until March 1, 1916, under the same terms and subject to the provisions of the written contract. The verbal extension was denied by the defendant, and, at the expiration of the original term, plaintiff having refused to surrender possession, she brought proceedings in forcible entry to recover the same. Pending that proceeding plaintiff brought this action to establish his right to remain in possession of the farm under the verbal agreement, and to restrain the further prosecution of the forcible entry proceeding. The complaint set out the facts in full and the answer put in issue the material allegations thereof. The cause was brought to trial before the court without a jury and findings were made sustaining plaintiff's claim in all respects, and awarding to him the possession of the land until March 1, 1916. Defendant appealed from an order denying a new trial.

The verbal agreement extending the lease for the further period of one year, such year to commence at a future date, was within the statute of frauds and unenforceable. Benjamin v. Wilson, 34 Minn. 517, 26 N.

W. 725; Hanson v. Marion, 128 Minn. 468, 151 N. W. 195. There was no controversy upon this feature of the case on the trial below, and to avoid the situation plaintiff relied upon a part performance, which he claims was sufficient to remove the bar of the statute. Whether his claim in this respect is sustained by the evidence presents the principal question in the case. The trial court found such part performance and that it was sufficient to give validity to the verbal agreement. The findings of the court are challenged as wholly unsupported by the evidence. We pass without discussion the further point made by defendant that the evidence fails to show the making of the verbal agreement at all. We find in the record ample evidence to sustain the finding that it was in fact made, substantially as claimed by plaintiff:

It appears from the evidence that the parties formerly were neighbors in the state of Illinois, and for a time in Faribault county, this state. Defendant acquired title to the land covered by the lease here involved about the year 1912, and she with her husband and family removed from their then home in Faribault county and took possession of the same. Plaintiff testified that he became defendant's tenant of this farm at her special instance and request; that a lease for one year was prepared and signed by both parties, and that he then removed from his home in Faribault county to Douglas county, and brought with him his family and about four carloads of household goods, farm machinery and property, including work horses, all for use in conducting the farming operations under this lease. He testified that as early as May, 1915, and during the term of the then existing lease, he approached defendant with a view of securing an extension of the lease for another year, and that in the latter part of that month and again in June defendant agreed verbally. to extend the lease until March 1, 1916, or for the cropping season of 1915. Plaintiff further testified that soon thereafter he commenced the preparation of the land for the crop of the succeeding year; that in proper season he plowed 125 acres of the land, repaired fences, which were out of repair when he took the farm, and hauled and spread a large quantity of manure theretofore accumulated upon the farm. He testified that all this was done with reference to and reliance upon the verbal extension of the lease and with the knowledge of defendant. The trial court held this was such part performance as to remove the bar of the

statute. We concur in that view of the case. The evidence in respect to all material issues is directly contradictory, yet the fact that plaintiff plowed the land, repaired the fence and hauled and spread the manure is not disputed. Plaintiff did all that work, but defendant claims that he was under obligations to do so under the existing lease, and that the performance thereof had reference to that contract, and not to the alleged verbal extension of the lease.

We are clear that the trial court rightly held that neither the plowing nor the hauling and spreading of the manure, which had accumulated upon the farm prior to plaintiff's tenancy, had any necessary reference to obligations created by the existing written lease. Under that contract plaintiff was under obligation to plow before the term of the lease expired all land that was plowed when he took the farm. At the time the original lease was signed by the parties no part of the land had been plowed for the succeeding year's crop, and at the proper season plaintiff employed defendant's husband to plow the 125 acres in question, and plaintiff paid him for the work. This situation is not disputed, and though the land was in fact plowed at the time plaintiff took actual possession of the farm, in February, 1914, the contract should not be construed to impose upon him the obligation of plowing it back in the fall of that year. Since he paid for the previous plowing, the contract should be construed as imposing upon plaintiff the duty to plow only such portions of the land as he found plowed and ready for crop when his contract was entered into. A situation of that kind was what was in the contemplation of the parties, and their writing should be read in harmony therewith. The same may be said in reference to the manure. The contract required plaintiff to spread the manure accumulated during the term of the lease, and not that he should search out deposits of prior years and distribute them upon the land. The manure in fact spread by plaintiff, in addition to accumulations during the lease, consisted in the main of past deposits, and of decayed and rotted straw stacks. The contract, properly construed, did not require plaintiff to spread all this collection of manure, and the work of doing so may well be attributed to an expectation on the part of plaintiff that he would farm the land for the ensuing year.

The plowing and spreading of the manure, under the circumstances

stated, was a sufficient part performance under our decisions. Koch v. Fischer, 122 Minn. 123, 142 N. W. 18; Gill v. Newell, 13 Minn. 430 (642); Pfiffner v. Stillwater & St. P. R. Co. 23 Minn. 343; 3 Dunnell, Minn. Dig. § 8885. The rule of part performance, as applied to short term leases, is not so strict as when applied to contracts of sale. In some states the mere taking possession by the tenant is held a sufficient part performance; and by others the possession and payment of an instalment of rent. 1 Tiffany, Landlord & Tenant, 386. Such acts would not avoid the statute under the prevailing rule as applied to a verbal contract of sale. In the case of a sale the remedy at law would be complete and adequate. But not so as to a short term lease of a farm. In the case at bar, if plaintiff's testimony is worthy of belief, a question for the trial court, he made all the preparations referred to in reliance upon an extension of the lease. He was not informed that defendant would repudiate the verbal agreement until some time in the winter of 1915, and at a time when plaintiff undoubtedly would have experienced difficulty in leasing another farm. While it is true that full compensation for the work of plowing and spreading the manure could have been had, full compensation for the loss of benefits to accrue from the occupancy of the farm another season, and the damage sustained by being thrown adrift in the early spring, and the loss of profits from crops to be raised, could not well be measured from a pecuniary point of view, and it would be an injustice in such a case to permit the party who repudiates the contract to hide behind the statute of frauds. Nor does the fact that plaintiff was in possession of the farm under the existing lease at the time of his preparations for the crop of 1915, necessarily require a holding that they were made pursuant to the obligations imposed by that contract. The question was one of fact.

We therefore hold that on the facts disclosed by the evidence and found by the trial court a sufficient part performance appears, entitling plaintiff to specific performance.

Order affirmed.