## DAVID H. PIERCE v. HENRY S. HANSON.[1]

### November 19, 1920.

### No. 22,035.

**Specific performance of oral lease — finding sustained by evidence.**

1. The finding that plaintiff and defendant made an oral contract by which defendant leased the house in controversy to plaintiff from November 1, 1919, to April 15, 1921, is sustained by the evidence.

**Statute of frauds — bar removed by part performance.**

2. This contract was void under the statute of frauds, but the finding that there had been a sufficient part performance and change of position in reliance upon it to remove the bar of the statute from such a short term lease is sustained by the evidence.

**Complaint sufficient.**

3. Under the liberal rules obtaining in this state, the complaint was sufficient as against an objection to the introduction of evidence.

Action in the district court for Hennepin county to enforce specific performance of an oral contract. The case was tried before Fish, J., who made findings and ordered judgment in favor of plaintiff. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Charles A. Dalby* and *John M. Nelson,* for appellant.

*Cobb, Wheelwright & Benson* and *R. A. Scallen,* for respondent.

TAYLOR, C.

This is an action to enforce specific performance of an oral contract to lease a dwelling house in the city of Minneapolis from November 1, 1919, to April 15, 1921, and to enjoin defendant from prosecuting an

[1] Reported in 179 N. W. 893.

action brought in the municipal court to recover possession of the premises. The trial court rendered judgment decreeing specific performance of the contract, and enjoining defendant from prosecuting the action for possession. Defendant appealed.

Defendant is the owner of the premises in question, known as No. 3149 Colfax Avenue South, and had leased them, by an oral contract to one Sloan at a rental of $50 per month for a term ending April 15, 1920. Sloan removed from the state in the latter part of October, 1919, and, with a view of terminating his contract and finding a purchaser for the supply of coal which he had laid in for the winter, he brought about a meeting between plaintiff and defendant on October 25, 1919. At this meeting plaintiff and defendant made an oral agreement, by which defendant leased the premises to plaintiff for the remainder of Sloan's term at a rental of $50 per month and for an additional period of one year at a rental of $55 per month, the lease to begin on November 1, 1919, and to end on April 15, 1921, a period of 17½ months. This was the contract as claimed by plaintiff and found by the court. Defendant claimed that he leased the premises for the remainder of Sloan's term only, and not for an additional year, but as the court has found the fact against him, and the finding is supported by sufficient evidence, we must take the contract to be as stated above.

The contract, being for a lease for a longer period than one year, was void under the statute of frauds, G. S. 1913, § 7003, but where such a contract has been partly performed by one party, a court, in the exercise of its equitable powers, may, in proper cases, compel performance by the other party. G. S. 1913, § 7004. The principal controversy in this case is whether plaintiff has performed the contract on his part to such an extent, and has so changed his position in reliance upon it, that a court may decree performance on the part of defendant. The part performance necessary to remove the bar of the statute from an oral contract varies with the nature and purposes of the contract. Less is required to give validity to a short term lease than is required to give validity to a sale. Biddle v. Whitmore, 134 Minn. 68, 158 N. W. 808.

The record shows that plaintiff moved into the house at the beginning of his term under his lease and with defendant's express consent; that he incurred a moderate expense for necessary furnishings; that he paid

his rent regularly in advance, usually semimonthly; that defendant accepted all payments for the period prior to April 15, 1920, but refused to accept any payments for the period subsequent to May 1, 1920; that plaintiff repeatedly tendered the subsequent payments; that rentals had increased in the spring of 1920 to such an extent that plaintiff could not secure similar premises then for less than $70 per month; that defendant demanded $70 per month for the additional year; that defendant served a written notice on plaintiff in March, 1920, to vacate by May 1, 1920; that, on plaintiff's refusal to vacate, defendant began an action in the municipal court of the city of Minneapolis, under the unlawful detainer statute, to recover possession. The record further shows that, when plaintiff contracted for the house in controversy, he was residing in a smaller house in the same block, for which he was paying a rental of $40 per month; that his lease for this house extended to April, 1920; that he had secured a promise from his landlord to lease it to him for a further term of one year at the same rental; that he informed defendant of these facts at the time of making the contract in dispute, and that he surrendered his lease and relinquished his claim to the further term in reliance on his contract with defendant. The foregoing facts show a sufficient part performance of the contract, and a sufficient change of position in reliance upon it, on the part of plaintiff, to remove the bar of the statute and justify the court in decreeing specific performance. Biddle v. Whitmore, 134 Minn. 68, 158 N. W. 808; Wendell v. Stone, 39 Hun, 382; Wallace v. Scoggins, 18 Ore. 502, 21 Pac. 558, 17 Am. St. 749; Eaton v. Whitaker, 18 Conn. 222, 44 Am. Dec. 586; Grant v. Ramsey, 7 Oh. St. 157; McCarger v. Rood, 47 Cal. 138; Clark v. Clark, 49 Cal. 586; Spear v. Orendorf, 26 Md. 37; Seaman v. Aschermann, 51 Wis. 678, 8 N. W. 638, 37 Am. St. 849.

Defendant insisted at the trial and again insists here that the complaint failed to state sufficient facts to take the case out of the statute of frauds. We are unable to sustain this contention. It rests on the claim that the complaint failed to state that the acts of part performance relied upon were performed with defendant's knowledge and consent, or were required by the contract. The complaint, while not a model pleading, sets forth the contract. It also shows that defendant was apprised of plaintiff's rights in his former residence at the time of making the

contract, and that plaintiff, in reliance on the contract, relinquished these rights, entered into possession of the house in controversy, varnished some of the floors, purchased and altered curtains to fit the windows, purchased and installed a gas range, and paid his rent to defendant every month until defendant refused the payments tendered. It further shows that plaintiff was unable to procure a similar dwelling house, except at a greatly increased rental, at the time defendant sought to oust him from possession. Where a complaint is attacked by an objection to the reception of evidence under it, as was the case here, "every reasonable intendment will be indulged in favor of" its sufficiency. 2 Dunnell, Minn. Dig. § 7694. Under this liberal rule we think the complaint was sufficient. Defendant relies largely on Robinson v. Luther, 140 Iowa, 723, 119 N. W. 146. But that case did not involve a lease, and the facts alleged differ widely from the facts alleged in the case at bar.

In Koch v. Fischer, 122 Minn. 123, 142 N. W. 18, also cited by defendant, the acts relied upon as constituting part performance were done before the beginning of the term there in controversy and while the defendant was occupying the premises under a prior lease. They were presumed to have been done under and pursuant to the prior lease until the contrary was shown affirmatively. No such situation existed in the present case. Plaintiff took possession under the lease in controversy and there was no other to which his acts could be referred. Our conclusion is that the judgment should be affirmed. So ordered.