ALBERT BERGSTEIN v. ALBIN BERGQUIST AND OTHERS.

ALBIN BERGQUIST AND OTHERS v. ALBERT BERGSTEIN, ETC.[1]

June 16, 1922.

Nos. 22,788, 22,789.

**Written lease void under statute of frauds may be validated by part performance.**

1. Lease of a store room and basement for two years from a specified date, with an option to renew the same for an additional two years upon the same terms, reduced to writing and the lessor's name signed thereto by an agent who was not authorized in writing so to do, is void under the statute of frauds, but may be removed from the operation thereof by part performance.

**Findings of fact sufficient to take lease out of statute.**

2. The findings of fact made by the trial court in this case considered, and *held* sufficient to remove the agreement from the operation of the statute of frauds.

**Option to renew may be exercised by lessees without new written lease.**

3. Under such an agreement, where the same is removed from the operation of the statute of frauds by part performance, the lessees, their representatives or assigns, may renew the lease by complying with the provisions thereof, without the formality of writing a new lease.

**Timely notice of exercise of option equivalent to new lease.**

4. Upon the exercise of the option and the giving of proper and timely notice, the original agreement becomes the lease for the additional period.

**Specific performance may be compelled.**

5. Where such an agreement has been taken out of the statute of frauds by part performance, the court may, in a proper case, compel specific performance.

[1]Reported in 189 N. W. 120.

Two actions, one by the Bergquists in the municipal court of Duluth to recover possession of certain premises; the other by Albert Bergstein in the district court for St. Louis county for renewal of a lease of the premises and to enjoin the Bergquists from interfering with Bergstein's possession of the premises. Bergstein appealed from the judgment in the municipal court action to the district court where both cases were heard by Fesler, J., who made findings and ordered judgment in favor of the Bergquists. From the judgment entered in the Bergquist case pursuant to the order for judgment, Bergstein appealed. From the order denying his motion for amended findings and conclusions or for a new trial of the Bergstein case, Bergstein appealed. Reversed and new trial granted.

*A. Feldman,* for Bergstein.

*John Jenswold* and *John D. Jenswold,* for the Bergquists.

QUINN, J.

On May 23, 1918, Elizabeth Kreidler was the owner in fee of the premises described in the pleadings, consisting of a store room and the basement thereunder, known as No. 232 Central avenue in West Duluth. It was vacant, unoccupied and considerably out of repair. On that day she leased the same to the firm of Kastriner & Nueman for store purposes, at a rental of $75 per month, including heat and water, payable in advance for the term of two years beginning August 1, 1918, with the privilege of renewing the lease for the period of two years under the same terms and conditions, the lessor to make the following repairs:

"Store front to be painted in first class shape. Ceiling to be painted in light cream color, 2 coats oil paint. Walls to be painted light tan color, 2 coats flat paint. Floor to be put in first class shape, wherever it is bored holes to be plugged. Screen doors on front store room doors. Toilet closet to be in basement as we direct and enclosed in good shape. Good substantial stairway with banisters. To lead from store to basement from trap door and stairway enclosed and provided with good door. Windows in front and on north side to be enclosed with neat paneled back with doors and top sash of glass. Stained mahogany and varnished in first class shape.

Width and height to be decided by us K. & N., west side of basement wall to be sealed from ceiling to the boarding; more and sufficient radiators as needed and heat to be delivered at all times as we K. & N. decide is necessary."

The lease was in writing and the lessor's name was signed thereto by her son, E. G. Kreidler, as agent. He had no written authority to sign the lessor's name. Kastriner & Nueman entered into possession and occupied the premises under the lease as a clothing store and paid the rent regularly until the spring of 1919, when both members of the firm died within a short time of one another. Their estates were probated and the representatives thereof sold the fixtures and duly assigned the lease in question to Joseph Vertelney, who went into possession and paid the rent until November 15, 1919, when he sold the fixtures and assigned the lease to the appellant, Albert Bergstein. Bergstein went into possession, placed a large stock of clothing, men's furnishing goods and shoes therein for sale at retail, paid the rent in accordance with the terms of the lease and advertised his business extensively with the intention of continuing the same at that place. During this time the Kreidler family resided in rooms in the rear of the store building and had full knowledge of all the foregoing facts. In April, 1920, respondents, under a contract for a deed in the usual form, purchased the premises from the Kreidlers with full knowledge of the appellant's occupancy. Appellant continued to occupy the premises and to pay the rent, and respondents continued to accept the same without any protest until December 30, 1920, when they served a notice upon appellant of the termination of the lease on January 31, 1921, claiming the same to be a lease from month to month. Prior to August 1, 1920, appellant duly notified the lessor named in the lease and also the respondents of his determination and intention to renew the lease for the period of two years from August 1, 1920, on the same terms and conditions as specified in the original lease. The renewal notice contained an offer to execute a new lease. Appellant paid and respondent accepted the rent for the month of January, 1921, and thereafter appellant duly tendered the rent for each month up to the time of the trial of these actions, to the respondents.

On February 2, 1921, respondents brought an action in the municipal court of Duluth, under the unlawful detainer statute, to recover possession of the premises, and obtained a judgment of restitution from which an appeal was taken to the district court. At about the same time appellant brought an action against respondents for specific performance of the lease, and for an injunction restraining the enforcement of the judgment of restitution, joining Mrs. Kreidler as codefendant. In her answer the lessor admits the execution of the lease as alleged in the complaint and the trial court found such to be a fact. The two actions were tried together and submitted to the district court for decision upon the same proofs. The trial court made findings of fact and conclusions of law and ordered judgment in both cases in favor of the respondents. From a judgment entered in the unlawful detainer action the defendant appealed. In the action for specific performance he moved for amended findings of fact and conclusions of law upon the ground that the same as filed were not supported by the evidence, and for a new trial. The court allowed the motion for amended findings of fact in part, but denied the motion for amended conclusions and for a new trial, from which order the plaintiff therein appealed.

At the time of the submission of the cases to this court appellant asked permission to amend the assignments of error so as to permit of a review as to whether the conclusions in each case were supported by the findings of fact, which was permitted. It is conceded on behalf of the appellant that the agent had no authority in writing to sign the lessor's name to the lease and that the lessor never ratified his act in writing, but it is insisted that there has been sufficient part performance to validate the lease and take it out of the statute of frauds and therefore appellant is entitled to specific performance. The trial resulted in findings of fact to the effect that in May, 1918, Elizabeth Kreidler executed and delivered the lease to Kastriner & Nueman, a copy of which is attached to the complaint in the specific performance action, and that thereafter she duly performed her part of the obligations thereof and that the lessees therein named and their assigns occupied the premises and performed all the obligations of the lessees to be done and performed

during the original term ending August 1, 1920. That in reliance thereon appellant duly notified the respondents that he intended to exercise the privilege of renewing the lease for a period of two years from and after August 1, 1920. That respondents made no objections to the lease or to the attempted renewal, except that they objected to the extension unless appellant pay a larger rental for the premises. As conclusions of law it was determined that respondents were entitled to judgment in both actions and that appellant was not entitled to any relief.

It is not clear upon what ground the trial court denied the relief asked for by appellant. Respondents' main contentions are that appellant has no right to a renewal of the lease, and that the evidence shows no such part performance as entitles appellant to specific performance of the covenant to renew. The testimony shows that while Mrs. Kreidler did not sign the written lease she was consulted as to its provisions at the time it was being entered into and prepared. In her answer she admits it to be her contract. She made the repairs to the premises as therein provided, furnished heat and water as specified and in all respects kept and performed all the conditions and requirements therein specified up to the time of selling the premises to the respondents in the spring of 1920. There is no claim but that the lessor, as well as the lessees and their representatives and assigns, kept and performed all the conditions and provisions of the agreement as set forth in the writing, Exhibit 1, attached to the complaint in the specific performance action, up to the time of the service of the notice by appellant of his intention to renew the lease. The lessees named in the contract vacated the premises where they had conducted their business and moved their stock of goods into the premises in question in August, 1918. We think such part performance was sufficient to take the agreement out of the operation of the statute. It is clear that as the agreement was for a longer period than one year it was void under section 7003, G. S. 1913, but where such an agreement has been partly performed by the parties thereto, the court may, in a proper case, compel specific performance. Pierce v. Hanson, 147 Minn. 219, 179 N. W. 893; G. S. 1913, § 7004; Seaman v. Aschermann, 51 Wis. 678,

8 N. W. 818, 37 Am. Rep. 849; Wallace v. Scoggins, 18 Ore. 502, 21 Pac. 558, 17 Am. St. 749; 20 L. R. A. note, p. 36; 49 L. R. A. (N. S.) note, p. 113.

The part performance necessary to remove an oral agreement from the operation of the statute of frauds varies with the nature and purpose of the contract. Less is required to give validity to a short term lease than to a long term one, or to a sale. Biddle v. Whitmore, 134 Minn. 68, 158 N. W. 808; Pierce v. Hanson, supra. The covenant contained in the writing was:

"To have and to hold, the above rented premises unto the said lessees, their heirs and assigns, for and during the full term of two years from and after the 1st day of August, 1918, with the privilege of renewing this lease for the period of two years under the same terms and conditions."

Under this provision, if the agreement, by part performance, has been taken out of the operation of the statute of frauds, thereby validating the agreement and giving it legal force as a lease, we see no reason why appellant might not renew the same by complying with the provisions thereof. The notice was sufficient in all respects to constitute a renewal of the lease.

We think and hold that the notice was in effect sufficient to renew and extend the lease upon the terms therein expressed. The lease as written gave the lessees, at the expiration of two years, "the privilege of renewing this lease for the period of two years under the same terms and conditions." The writing out of a new lease was not required. Upon the exercise of the option or privilege by the lessees or their assigns the original lease becomes a lease for the additional period. Luthey v. Joyce, 132 Minn. 451, 157 N. W. 708, L. R. A. 1916E, 1235. As said by the late Justice Bunn in the case last cited, all that was necessary was for the tenant to exercise his option. This he did and thereupon the agreement became a lease for the additional term. The agreement specified all the terms of the leasing which were to be in force during the additional term.

The term "renew" as defined in Webster's New International Dictionary, is: "To grant or obtain an extension of; to continue in

force for a fresh period, as to renew a note or a lease." See also note 41 L. R. A. (N. S.) 423-425. It was stated in Tilleny v. Knoblauch, 73 Minn. 108, 75 N. W. 1039, that under the ordinary form of lease there is a distinction between the terms renewal and extension of a lease, but in that case the rental to be paid during the renewal period was unfixed and remained undetermined, rendering it necessary to make a new lease, and of course it is not in point in the instant case.

It follows that the judgment appealed from should be reversed and that the motion for a new trial should be granted. It is so ordered.

DIBELL, J. (dissenting.)
I dissent.