## M. C. STRAND v. THOMAS HAND.[1]

November 22, 1929.

No. 27,429.

*Christian G. Dosland* and *Goodwin L. Dosland,* for appellant.
*James A. Garrity* and *Clifford F. Hansen,* for respondent.

[1]Reported in 227 N. W. 656.

HILTON, J.

Plaintiff appeals from an order denying his motion for a new trial.

Plaintiff owned a farm which he leased in 1926 to defendant under a verbal lease; defendant remained in possession until evicted in April, 1928. In the fall of 1927 another verbal lease was made. The evidence was in conflict as to the renewal for 1928.

On March 26, 1928, an unlawful detainer action was brought by plaintiff against defendant in justice court at Ada in Norman county to recover possession of the farm. The complaint alleged a breach of contract by reason of defendant's failure to do certain plowing and a neglect to comply with other conditions of the lease. The answer traversed this claim and alleged full performance of the terms of the lease and right to possession of the premises. On February 25, 1928, a notice of termination of the lease and a demand to quit and vacate the premises wes served on defendant. On April 2, 1928, following the trial on that day on the issues thus joined, the justice rendered a verdict in favor of plaintiff and on April 3 issued a writ of restitution. The sheriff dispossessed the defendant, placed plaintiff in possession of the farm, and demanded that defendant pay the costs. Defendant gave a check therefor but afterward stopped payment on same. Within one hour after the justice rendered his decision and entered judgment, attorney for defendant, upon inquiry, was advised thereof and informed the justice that defendant would appeal. This he did, giving proper bond. The appeal was made on April 5 and notice thereof served on April 6. The case on appeal was tried de novo in district court at the October, 1928, term thereof to a jury, which rendered a verdict for defendant.

Plaintiff's 18 assignments of error are grouped by him under two items, the disposition of which will determine the decision in this case: (1) Did the attempted appeal confer jurisdiction upon the district court? (2) Did the oral lease (the last one) come within the statute of frauds? These will be considered in their order.

1. Owing to misstatements relative to the statutes, it is necessary to quote two sections thereof. G. S. 1923 (2 Mason, 1927) § 9157, provides:

"If the party against whom judgment for restitution is rendered or his attorney state to the justice that he intends to take an appeal, a writ of restitution shall not issue for twenty-four hours after judgment; Provided, that in an action on a lease, against a tenant holding over after the expiration of the term thereof, or a termination thereof by a notice to quit, such writ may issue forthwith notwithstanding such notice of appeal, if the plaintiff give a bond conditioned to pay all costs and damages in case on the appeal the judgment of restitution be reversed and a new trial ordered."

Plaintiff gave no such bond.

G. S. 1923 (2 Mason, 1927) § 9158, provides:

"If either party feels aggrieved by the judgment he may appeal within ten days as in other cases triable before justices of the peace except that if the party appealing remains in possession of the premises, his bond shall be conditioned to pay all costs of such appeal and abide the order the court may make therein and pay all rents and other damages justly accruing to the party excluded from possession during the pendency of the appeal. Upon the taking of such appeal all further proceedings in the case shall be stayed, except that in an action on a lease against a tenant holding over after the expiration of the term thereof or termination thereof by notice to quit, if the plaintiff give bond as provided in § 9157, a writ of restitution shall issue as if no appeal had been taken and the appellate court shall thereafter issue all needful writs and processes to carry out any judgment which may be rendered in such court."

There was a failure to comply with several of the statutory requirements. Plaintiff's contention that defendant here, who had been evicted, was required to give a supersedeas bond is not correct. Such bond was only required in case defendant remained in possession of the premises.

The purpose of the statute is manifest and salutary; the proceedings are summary. It is intended to prevent the acquisition of claimed rights by force and violence and provides a peaceful and speedy means therefor with the rights of the respective parties safeguarded. A judgment rendered determines the right to the present possession. One feeling aggrieved is entitled on a proper appeal to have the issues tried anew in the district court. Lobdell v. Keene, 85 Minn. 90, 101, 88 N. W. 426.

Plaintiff contends that the execution of the writ by placing him in possession of the land extinguished the judgment, and that there is nothing for defendant to appeal from and hence the district court was without jurisdiction. This claim is not sound. The statute gives either party the right to appeal. The fact that at the time of the trial in district court the cropping period for 1928 had expired does not affect the situation.

2. Plaintiff contends that the claimed lease was within the statute of frauds. Every contract for the leasing for a longer period than one year of any lands shall be void, unless the contract or some note or memorandum thereof expressing the consideration is in writing and subscribed by the party by whom the lease is to be made. G. S. 1923 (2 Mason, 1927) § 8460. There was no such writing. There was a sharp conflict in the evidence as to whether there was a 1928 lease; when it was made; when it was to terminate; and whether there was part performance which would take it out of the statute of frauds. Biddle v. Whitmore, 134 Minn. 68, 158 N. W. 808. Defendant did considerable plowing in the fall of 1927. This was claimed by plaintiff as being required under the 1927 lease, but defendant asserts that it was in part at least done in reliance upon having the right to crop the land in 1928. A fuller recital of the contending claims will serve no useful purpose. They were questions of fact for the jury, and there is sufficient evidence to support the verdict. We find no reversible error in the case.

Order affirmed.