**Edwin W. Anderson, Appellee, v. E. T. Collinson, Appellant.**
**Appeal of E. T. Collinson, Appellant.**

**Gen. No. 9,388.**

Opinion filed March 7, 1939.

BURREL BARASH, of Galesburg, and WILLIAM J. CURTIS, of Galva, for appellant.

R. D. ROBINSON and P. B. ROBINSON, both of Galesburg, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

On March 9, 1937, the defendant, E. T. Collinson, who is the owner of the farm involved in this suit, obtained a judgment in justice of peace court in Knox county, in forcible entry and detainer against Edwin W. Anderson, for possession of said farm. Anderson appealed from the said judgment to the circuit court of Knox county, Illinois, where said question is now pending on said appeal.

On the 19th day of August, 1937, Edwin W. Anderson filed his original complaint, in the circuit court of Knox county, and on the 22nd of November, by leave of court, filed an amended complaint, which charges in substance that on March 1, 1934, the appellee entered into a certain, written lease for the premises involved, being the 220-acre farm, for a term of one year, from March 1, 1934, to March 1, 1935; that he entered into possession of said premises on March 1, 1934; that in the fall of 1934, the parties entered into an oral agree-

ment extending the lease from March 1, 1935, to March 1, 1936; that in the fall of 1935, the lease was again extended from March 1, 1936, to March 1, 1937; that on the farm in question, the plaintiff has engaged in the breeding of purebred Poland China and Duroc hogs, and the farm in question was peculiarly well-fitted for this purpose; that in the fall of 1936, the parties again entered into an oral agreement, by which the terms of the written lease were extended from March 1, 1937, to March 1, 1938; that it was the custom in the neighborhood, where the said farm was located, to rent the farms in the fall, for the year following, and on account of said custom, he could not rent any other farm after December, 1936; that in the fall of 1936, he plowed about 20 acres of land, and plowed and sowed 15 acres of rye, which could not mature until the month of July, 1937, and that he spent much time and care in the improvement of the farm for his purebred hog business, and in preparing the said farm for the year from March 1, 1937, to March 1, 1938.

The defendant filed his answer, in which he admitted the written lease from March 1, 1934, and the oral agreements extending the lease year by year to March 1, 1937. He denied that the plaintiff, Edwin W. Anderson, was in the purebred hog business, as alleged in the amended complaint, but avers that the business was conducted as a partnership, known as ''Anderson Brothers.'' The defendant denies that the plowing and spreading manure was done for the purpose and benefit of the farming season of 1937, but that it was done under the extension of the former lease. The defendant denies that he had any knowledge that the plaintiff had sown any rye on the premises, and says if it was so sown, it was done without his knowledge, or permission. He denies there was any verbal lease entered into between the plaintiff and himself for the year from March 1, 1937, to March 1, 1938.

The court granted a temporary injunction restraining the defendant, Collinson, from prosecuting the forcible entry and detainer suit. In January, 1937, the case was referred to the master in chancery to take evidence, and report his findings both of the law and fact. In February, 1938, the master filed his report, and found and recommended therein, that a decree be entered by the court, that the complaint be dismissed for want of equity, and that the temporary injunction as entered be dissolved. The plaintiff filed his objections to the master's report, which were overruled, but were allowed to stand as exceptions to the same. The court sustained the exceptions to the master's report, and entered a decree on July 15, 1937, of specific performance of the oral agreement, to lease the farm from the 1st day of March, 1937, to the first day of March, 1938, on the same terms and conditions, as the former written lease, and a writ of injunction was entered, restraining E. T. Collinson from prosecuting the proceeding in the forcible entry and detainer suit. It is from this decree that the appeal is prosecuted.

There is a sharp conflict in the evidence as to whether there was an oral lease of the premises for the year from March, 1937, to March 1, 1938. The plaintiff swears positively, that there was such an agreement. The defendant, in his testimony, admits that there was some talk of an extension of the lease for the crop year of 1937, but says that he told the plaintiff that if he rented an adjoining farm, that he would not rent him his farm. The evidence shows that the plaintiff did rent an adjoining farm. One, or the other party is necessarily mistaken as to the conversations had at these different meetings. The trial court has found the issues in favor of the plaintiff, and unless this court, on reviewing the evidence, can say that his finding is against the manifest weight of the evidence, we would not be justified in reversing the case, because the chan-

cellor erred in his finding of facts. As above stated, there is a conflict in the evidence, but we cannot say that the findings of the chancellor are against the manifest weight of the evidence.

It is conceded that an oral lease, such as claimed in this suit, is within the statute of frauds, and unless the appellee relying upon such oral agreement, performed labor, or services in contemplation of a renewal of the lease, then it is unenforcible, and is void. *Sterenberg v. Beach,* 219 Ill. App. 68; *Dougherty v. Catlett,* 129 Ill. 431; *Westgate v. City of Aurora,* 229 Ill. App. 84; *Dyrenforth v. Palmer Pneumatic Tire Co.,* 240 Ill. 25.

The rule of part performance as applied to short term leases is not as strict, as when applied to contracts of sale (*Biddle v. Whitmore,* 134 Minn. 68, 158 N. W. 808.) In the case of *Strand v. Hand,* 178 Minn. 460, 227 N. W. 656, the Supreme Court of Minnesota considered a case very similar to the one in question. There a landlord brought an action of forcible entry and detainer against the tenant, and was successful, and the tenant appealed the case to a higher court and there, as here, the oral contract of leasing was in dispute. The facts in this case are very similar to the one we are considering, and the court there held: A verbal agreement to extend the terms of a lease for a period of one year, such year to commence at some future time, is within the statute of frauds, and as such, it is unenforcible, unless there is a part performance by the lessee, in preparation of the land for a crop during the extended term, in reliance upon the agreement. Plowing and sowing small grain was enough to justify the conclusion reached by the court, that the part performance was sufficient to avoid and bar the statutes.

In this case, it is undisputed, that the plaintiff in the fall of 1937, purchased rye for seeding and sowed 15

acres on the leased premises, and that he plowed 20 acres. These facts tend to support his contention there was a verbal agreement to lease the farm for the ensuing year, and this work was done as part performance of the contract. The trial court so held, and on the record, as presented, we are not inclined to reverse that finding.

The decree of the trial court will be affirmed.

*Affirmed.*